## In re CHAS. R. LONG, JR., CO.

(Court of Appeals of District of Columbia. Submitted March 13, 1922. Decided April 3. 1922.)

No. 1476.

1. Trade-marks and trade-names and unfair competition ⊛3(4)—"Stabrite," applied to metal polish, is descriptive word.

The word "Stabrite," as applied to a polish or coating for the front end and stacks of locomotives to preserve the metal, is a descriptive word, and cannot be registered as a trade-mark, in the absence of evidence of its having acquired a secondary meaning.

2. Trade-marks and trade-names and unfair competition ⊛44—Commissioner can require disclaimer of descriptive words apart from associations shown.

The Commissioner of Patents has authority to require, as a condition precedent to registration of a trade-mark, that the applicant shall disclaim the use of a descriptive word apart from the associations shown.

3. Trade-marks and trade-names and unfair competition ⊛43—Descriptive words are not protected by act giving effect to trade-mark convention.

Act March 19, 1920, to give effect to the convention for the protection of trade-marks and commercial names, which, by section 1, par. "b," excepts from its operation the marks specified in Trade-Mark Act, § 5, par. "a" and "b" (Comp. St. § 9490), which prohibit, among other things, the registration of descriptive words as trade-marks, does not enlarge the rights of an applicant to have registered a trade-mark containing a descriptive word.

⊛For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the Commissioner of Patents.

Application by Chas. R. Long, Jr. Company for registration of a trade-mark. From a decision of the Patent Office requiring a disclaimer of a descriptive word as a prerequisite of the registration of the mark, the applicant appeals. Affirmed.

Thomas M. Baker, of Washington, D. C., Paul Carpenter, of Chicago, Ill., and William S. Glyck, of New York City, for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

ROBB, Associate Justice. Appeal from a Patent Office decision requiring appellant to file a disclaimer of a descriptive word as a prerequisite to the registration of a claimed trade-mark.

One specimen of the mark filed with the application comprises a diamond-shaped figure around a similar figure inclosing a third diamond shaped figure containing the word "Stabrite." Appellant, however, contends that the following is the mark relied upon:

[1] In its application appellant alludes to the goods upon which its mark is applied as "a polish or coating for the front end and stacks of locomotives to preserve the metal over which it is applied." The Examiner, being of the view that the predominating feature of the mark by which the goods would become known is the word "Stabrite," and that the diamond-shaped figures surrounding it merely accentuate the word, required appellant to add to the drawing additional words apparently appearing on the mark as actually used, and to file a disclaimer of the descriptive word "Stabrite." The Commissioner, entertaining the view that the words required to be added form no part of the mark, ruled that it would be necessary to disclaim the use of the descriptive words "apart from the associations shown."

Appellant first challenges the ruling that the word "Stabrite" is descriptive. We agree with the Patent Office that, as here used, it is aptly so, and that there is no evidence of its having acquired a secondary meaning.

[2] It is next insisted that the Commissioner is without authority to require disclaimers. But in Beckwith v. Commissioner of Patents, 252 U. S. 538, 40 Sup. Ct. 414, 64 L. Ed. 705, it was ruled that it is not error for the Commissioner to require a disclaimer in a proper case.

[3] In his reply brief and in his argument at bar, however, appellant has contended that his rights are enlarged by the Act of March 19, 1920 (41 Stat. 533), "to give effect to certain provisions of the convention for the protection of trade-marks and commercial names, made

or signed in the city of Buenos Aires, in the Argentine Republic, August 20, 1910." But paragraph "b" of section 1 of that act, particularly relied upon by appellant, excepts from its operation marks specified in paragraphs "a" and "b" of section 5 of the Trade-Mark Act of February 20, 1905 (33 Stat. 724 [Comp. St. § 9490]). Under paragraph (b) of the Trade-Mark Act, a mark consisting "merely in words or devices which are descriptive of the goods with which they are used, or of the character or quality of such goods," may not be registered. The act of 1920, therefore, does not change the status of appellant here.

It is apparent that the question whether the mark before the Patent Office is registerable is not before us, and therefore not decided. We merely decide that, assuming the mark is registerable, it was not error for the Commissioner to require the disclaimer.

The decision is affirmed.

Affirmed.