**COVENTRY WARE, INC., Plaintiff,**

v.

**RELIANCE PICTURE FRAME COM-
PANY, Defendant.**

United States District Court
S. D. New York.

Sept. 14, 1960.

James B. Boyer, New York City, for plaintiff.

Raymond A. Werchen, New York City, for defendant.

DAWSON, District Judge.

These are cross-motions seeking orders under Rule 56 of the Rules of Civil Procedure, 28 U.S.C.A., for summary judgment on the ground that there are no material issues of fact. The action is one for copyright infringement.

The Court, in compliance with Rule 56, interrogated counsel to ascertain what material facts exist without substantial controversy. From the pleadings, affidavits and answers to the questions put by the Court to counsel, the Court finds that the following facts exist without substantial controversy:

(1) The plaintiff is engaged in the manufacture and selling of wall plaques, among other things. The defendant is in a similar business.

(2) Plaintiff had certain wall plaques designed by an artist and had them duly registered as "Molded Sculpture" with the Register of Copyrights and secured certificates of copyright thereon The wall plaques were designed as decorative features for walls. They were made by having a mold pressed in plastic. The plaques had a unique and artistic design on them and were completed with a plaster board backing so that the component parts formed an integral whole which could be used for decorative purposes.

(3) On the back of the plaques a small printed label was attached which read as follows:

Hand Decorated
Coventry Ware Inc.
© Made in U.S.A.

The company's name was in bold-faced old-English type. The words "hand decorated" were in smaller type, but printed in capital letters, while "© Made in U.S.A." employed the smallest type.

(4) It was conceded at the argument that the defendant manufactured and

sold wall plaques which were copied from those manufactured and sold by the plaintiff. The defendant's plaques, however, were smaller in size and sold at a lesser price than those of the plaintiff.

(5) The office manager of the defendant, in an affidavit submitted by him, states:

"At no time prior to notification from the plaintiff was deponent or defendant aware of any claim to copyright by plaintiff. Whether such lack of awareness resulted from failure closely to scrutinize plaintiff's works so purchased or from the absence of any copyright notice thereon deponent is unable to say * * *.

"In any event, deponent fully admits that defendant's works were created by using said copies of plaintiff's works as models * *."

On the admitted facts plaintiff has established that it developed an original design for molded plaques and that it obtained a certificate of copyright thereon; that it is in competition with the defendant; that the defendant used plaintiff's plaques as models for similar plaques made by it and sold by it.

It was agreed at the argument that the only issue was whether the notice of copyright affixed to plaintiff's wall plaques was sufficient, or whether by marketing the plaques with the notice affixed, as it admittedly was, on the back of the plaque, plaintiff failed to preserve its copyright. This is the issue which must be decided on this motion.

The work of art which was copyrighted is the molded part of the wall plaque. The back of the wall plaque is simply a piece of beaver board to which the molded part is attached. No notice of copyright appears on the front of the plaque, which is the molded part. The only notice of copyright, in the words hereinabove quoted, appears on a little sticker which is affixed to the beaver board back. Is this sufficient?

Section 10 of the Copyright Statute, Title 17 U.S.C., provides in part:

"Any person entitled thereto by this title may secure copyright for his work by publication thereof with the notice of copyright required by this title; and such notice shall be affixed to each copy thereof published or offered for sale in the United States by authority of the copyright proprietor * * *."

Section 19, Title 17 U.S.C., prescribes the form of notice of copyright for works of art. The statute requires that

"* * * the notice may consist of the letter C enclosed within a circle, thus ©, accompanied by the initials, monogram, mark, or symbol of the copyright proprietor: *Provided*, That on some accessible portion of such copies or of the margin, back, permanent base, or pedestal, or of the substance on which such copies shall be mounted, his name shall appear * * *."

The statute apparently, therefore, requires that notice of copyright appear on the work of art itself, but provides that the name of the copyright proprietor may appear on some other part, such as the back, base or pedestal. If it had been intended that a copyright notice might appear on the back of the work of art it would have been easy to draw the statute to so provide. It does not so provide. It provides that the notice should appear on the work of art itself.

In the present case the notice of copyright did not appear on the work of art but appeared on the back thereof, which is a plain piece of board. It was a small and insignificant notice which might well not have come to the attention of a person copying the work of art from the face.

The Court concludes that the notice of copyright affixed to the works of art by the plaintiff was not sufficient to comply with the statute. Under the circumstances the Court directs that summary judgment dismissing the action shall be granted to the defendant. So ordered.