**COVENTRY WARE, INC., Plaintiff-Appellant,**

v.

**RELIANCE PICTURE FRAME COMPANY, Defendant-Appellee.**

No. 253, Docket 26643.

United States Court of Appeals Second Circuit.

Argued Feb. 16, 1961.

Decided April 3, 1961.

James B. Boyer, New York City (Albert H. Oldham, of Oldham & Oldham, Akron, Ohio, on the brief), for plaintiff-appellant.

Raymond A. Werchen, New York City, for defendant-appellee.

Before LUMBARD, Chief Judge, and CLARK and SMITH, Circuit Judges.

CLARK, Circuit Judge.

Plaintiff, a corporation engaged in the manufacture and sale of wall plaques, caused certain wall plaques to be designed by an artist and then registered them as "Molded Sculpture" with the Register of Copyrights. The plaques contained a colored, three-dimensional, but relatively flat, design, and were intended as decorative features for walls. The plaques were made by pressing a mold in plastic, and were completed with a rigid backing sheet so that the component parts formed an integral whole which could be attached to a wall and displayed. Defendant admitted copying plaintiff's plaques and selling them at a lower price. In this action for infringement, its only defense is the alleged invalidity of the copyright notice, which appeared on a small printed label firmly attached to the back of the plaques. Defendant's position is that notice of copyright must appear on the front of the work of art, and that a notice appearing on the back is insufficient. The district court, accepting this contention, granted summary judgment to the defendant, and plaintiff appeals. Judge Dawson's opinion is reported in D.C.S.D.N.Y., 186 F. Supp. 798.

The relevant sections of the Copyright Act, 17 U.S.C. § 1 et seq., are section 10, section 19, which deals with the form of notice, and section 20, which prescribes the location of the notice in certain instances. The basic notice requirement is set forth in 17 U.S.C. § 10, as follows:

> "Any person entitled thereto by this title may secure copyright for his work by publication thereof with the notice of copyright required by this title; and such notice shall be affixed to each copy thereof * *."

The form of the notice required by section 10 is set forth in 17 U.S.C. § 19 and "shall consist either of the word 'Copyright,' the abbreviation 'Copr.,' or the symbol ©, accompanied by the name of the copyright proprietor, and if the work be a printed literary, musical, or dramatic work, the notice shall include also the year in which the copyright was secured by publication."

Section 19 then goes on to authorize an optional "short form" of notice which may be used on works of art and other items set forth in 17 U.S.C. § 5(f–k) as an alternative to the general form of notice described above. Such "short form" notice "may consist of the letter C enclosed within a circle, thus ©, accompanied by the initials, monogram, mark, or symbol of the copyright proprietor: *Provided*, That on some accessible portion of such copies or of the margin, back, permanent base, or pedestal, or of the substance on which such copies shall be mounted, his name shall appear."

Section 20 prescribes the place where the notice is to appear in the case of books or other printed publications, periodicals, and musical compositions. It places no limitations on the possible location of notice in the case of works of art and kindred items, provided that the notice complies with the general requirement of section 10 that the notice be affixed to each copy. Defendant contends, however, that a limitation on the permissible location of notice for works of art may be found by implication from section 19. Defendant reasons that the short-form notice allowed by section 19 is intended to minimize the disfigurement which would result if the long form were used. In order to prevent the short form from being mere surplusage, defendant concludes, we must assume that the long form could be used only where it disfigured the work of art—i. e., on the front. Defendant does not explain, however, why Congress would have enacted a copyright law requiring disfiguring notices on the front when a nondisfiguring notice on the back would give equally adequate warning to prospective copyists.

Neither does defendant say why, if any limitations on placement were intended with respect to works of art, they were not set forth in section 20, whose specific subject is location of the notice.

It should be noted that section 20 is the culmination of a long history of increasing liberalization of restrictions on the placement of notice. In the case of books and musical compositions, the placement of notice has always been rigidly and narrowly confined. But in the case of other items, a series of revisions have steadily expanded the permissible locations of notice. The acts of 1802, 2 Stat. 171, and of 1831, 4 Stat. 436, 437, both required notice to be "on the face" of nonbook and nonliterary items. This harshly restrictive requirement was abated slightly in the revision of 1870, 16 Stat. 198, 214, which provided that in the case of "a map, chart, musical composition, print, cut, engraving, photograph, painting, drawing, chromo, statue, statuary, or model or design intended to be perfected and completed as a work of the fine arts," the notice must be placed "upon some portion of the face or front thereof, or on the face of the substance on which the same shall be mounted."

The act of 1874, 18 Stat. 78, 79, completely eliminated all references to "face or front," and required instead only that in the case of the items specified above the notice appear "upon some visible portion thereof, or of the substance on which the same shall be mounted." Even this liberalized requirement was apparently thought too restrictive, however, since Congress added a special section in 1882, 22 Stat. 181, permitting "manufacturers of designs for molded decorative articles, tiles, plaques, or articles of pottery or metal subject to copyright" to place the notice "upon the back or bottom of such articles, or in such other place upon them as it has heretofore been usual * * * to employ for the placing of * * * trade marks thereon."

The original House and Senate bills leading to the Copyright Act of 1909 continued the century old practice of prescribing the possible location of notice,

but they expanded still further the number of such locations. Section 14 of H.R. 19853 and S. 6330, 59th Cong., 1st Sess. (1906), provided that in the case of maps, works of art, models or designs for works of art, reproductions of a work of art, etc., the notice "shall be applied * * * upon some accessible portion of the work itself or of the margin, back, permanent base or pedestal thereof, or of the substance on which the work shall be mounted." In the act as finally passed, however, 35 Stat. 1075, 1079 (1909), a specific requirement for location of notice was retained only in the case of books or other printed publications, musical compositions, and periodicals. All other items were left subject only to the general requirement, now embodied in 17 U.S.C. § 10, that the notice be affixed to each copy.

■■ In the light of this legislative history it is surely incredible that Congress would have intended, by implication hidden in section 19, to revive the requirement of the 1802 and 1831 acts that notice appear on the front. All the copyright legislation of the nineteenth century had prescribed in unambiguous terms the permissible location of notice, and the 1909 revision contained a section dealing specifically with the location of notice and prescribed such location only for three types of items. Thus the failure to limit the placement of notice for other items does not arise from any lack of familiarity with the drafting devices necessary to accomplish that result. Section 19 should not be read to impose a restriction on placement which, had it been intended by Congress, would certainly have been expressly stated.

Defendant's restrictive view of section 19 is also inconsistent with a large body of judicial authority upholding notices which are not on the "front" of the work of art. This court and the District Court for the Southern District of New York have recently rendered a number of decisions upholding copyrighted works of art on dress fabric where the notice appeared on the selvage or margin of the fabric, rather than on the design itself. Peter Pan Fabrics, Inc. v. Martin Weiner Corp., 2 Cir., 274 F.2d 487; Peter Pan Fabrics, Inc. v. Dixon Textile Corp., 2 Cir., 280 F.2d 800, 802; Peter Pan Fabrics, Inc. v. Candy Frocks, Inc., D.C.S.D. N.Y., 187 F.Supp. 334; H. M. Kolbe Co. v. Armgus Textile Co., D.C.S.D.N.Y., 184 F.Supp. 423, affirmed 2 Cir., 279 F.2d 555. We have also sustained a copyright on a pair of earrings, though the notice was stamped upon only one earring of a pair. Boucher v. Du Boyes, Inc., 2 Cir., 253 F.2d 948, certiorari denied 357 U.S. 936, 73 S.Ct. 1384, 2 L.Ed.2d 1550. In Scarves by Vera, Inc. v. United Merchants & Mfrs., Inc., D.C.S.D.N.Y., 173 F.Supp. 625, works of art contained on ladies' blouses were copyrighted by a notice upon a label sewed into a side seam. Perhaps the best summary of the applicable principle may be found in the decision of Judge Bicks in Trifari, Krussman & Fishel, Inc. v. Charel Co., D.C.S.D.N.Y., 134 F.Supp. 551, 554, enjoining the copying of costume jewelry, copyrighted as a work of art, where the notice appeared on the clasp. He stated: "It is so located, however, as to apprise anyone seeking to copy the article, of the existence of the copyright and is, therefore, sufficient to satisfy the statutory requirements." See also Shapiro, Bernstein & Co. v. Jerry Vogel Music Co., 2 Cir., 161 F.2d 406, certiorari denied 331 U.S. 820, 67 S.Ct. 1310, 91 L.Ed. 1837; Fleischer Studios v. Ralph A. Freundlich, Inc., 2 Cir., 73 F.2d 276, certiorari denied Ralph A. Freundlich, Inc. v. Fleischer Studios, 294 U.S. 717, 55 S.Ct. 516, 79 L.Ed. 1250.

■ Defendant also suggests that the notice, having been pasted on by a gummed label, was not "affixed" within the meaning of section 10. We find that it was "affixed." The point does not require discussion.

On remand it would seem appropriate that the court grant the plaintiff's motion for summary judgment, since the defendant has admitted copying plaintiff's plaques. We shall leave to the district

court the settling of appropriate remedies.

Judgment reversed and action remanded for proceedings in accordance with this opinion.