**DAY–BRITE LIGHTING, INC.,**
Appellant,

v.

**STA–BRITE FLUORESCENT MANU-
FACTURING COMPANY,**
Appellee.

No. 19172.

United States Court of Appeals
Fifth Circuit.

Sept. 18, 1962.

Rehearing Denied Oct. 26, 1962.

Owen J. Ooms, Chicago, Ill., Roy A. Lieder, Frederick M. Woodruff, St. Louis, Mo., Louis S. Bonsteel, Miami, Fla., Ooms, Welsh & Bradway, Chicago,

Ill., Gravely, Lieder & Woodruff, St. Louis, Mo. (Smathers, Thompson & Dyer, Miami, Fla., of counsel), for appellant.

Robert H. Givens, Jr., Miami, Fla., for appellee.

Before RIVES, JONES and GEWIN, Circuit Judges.

RIVES, Circuit Judge.

The appellant-plaintiff sued the appellee-defendant [1] for infringement of plaintiff's trademark Day-Brite, and also for unfair competition and for infringement of other trademarks, copyrights and a design patent. The counts based on the design patent were dismissed by the district court and we are not asked to review that ruling.[2] The district court entered judgment for the defendant based upon brief findings of fact as follows:

"Findings of Fact.

"The heart of the original action was destroyed when this Court allowed a motion to strike the patent counts. This opinion deals with the balance of the complaint.

"The plaintiff was incorporated in 1923, and since then has been using the trademark 'Day-Brite' on electrical fixtures and in periodicals advertising the same. It has registered trademarks in addition for such names as 'Cleartex,' 'Para-Louver,' and 'Lumatex,' and various copyrighted periodicals and pages therein.

"The defendant was incorporated in 1946 under the name Sta-Brite Fluorescent Manufacturing Company, and within a few years thereafter the plaintiff was aware that the defendant was using the name 'Sta-Brite,' except for an investigation to the effect of the use of this name on its name of 'Day-Brite' took no action against the defendant until 1958.

"The alleged infringements of copyrighted material and trade marks are highly technical and isolated, and probably would never have been the basis of Court action except as they were joined with a patent suit which has been disposed of by this Court, rightly or wrongly.

"This is likewise true of the claims of unfair competition based on the alleged trademark and copyright infringements.

"I find on all of the evidence that the claims now in suit are groundless. A careful examination of the evidence, which was chiefly composed of exhibits, discloses this."

■ We are unable to agree with the district court that the heart of this action resided in the patent counts. Instead, we think that each claim must be considered on its own merits.

Count 1 alleges infringement of copyright Registration No. 73,651, Class K of plaintiff's catalogue sheet 6 of Section 50. A comparison of that catalogue sheet with pages 43 and 44 of defendant's catalogue shows that there was substantial copying of both sides of the sheet. On the front side of both sheets are the following four headings in the same order: "APPLICATION," "INSTALLATION," "FINISH," "WIRING." A considerable amount of the wording under each of the headings is verbatim the same. The reverse side of each sheet contains a diagram extending across the width of the page, both very similar, and underneath that six illustrations again in the same order and captioned the same, viz: "FITTING MIRRORS," "WASH ROOMS," "CHALKBOARDS," "COUPON BOOTHS," "BANK CAGES," and "WALL DISPLAYS." The wall clock on both illustrations of "CHALKBOARDS" shows the same time. Both "WALL DISPLAYS" illustrations contain the slogan, "BUY U. S. BONDS."

1. The parties will be referred to as plaintiff and defendant.

2. The design patent was held invalid by the Seventh Circuit, Day-Brite Lighting, Inc. v. Sandee Mfg. Co., 286 F.2d 596, certiorari denied 366 U.S. 963, 81 S.Ct. 1925, 6 L.Ed.2d 1255.

■ The defendant can hardly in good faith deny that it copied plaintiff's catalogue sheet. Instead, the defendant is the party who becomes highly technical. It insists that plaintiff's catalogue sheet 6 of Section 50 is not properly identified as the work copyrighted. The certificate shows the title of the work copyrighted as "Sheet 6 of Section 50 of Day-Brite catalogue." The plaintiff's president identified the sheet as the work copyrighted before it was introduced in evidence. Defendant insists that was not evidence of the work on file in the Copyright Office. It was at least prima facie evidence. The defendant had ample notice of the charge, and if it really claimed that some different sheet had been copyrighted it could have so proved. There was no such proof and no conflict in the evidence on this point.

■ Next, the defendant urges that plaintiff's copyright is invalid because the registration is under Class K covering "Prints and pictorial illustrations including prints or labels used for articles of merchandise," and that this catalogue sheet was not a print or label "used" for articles or merchandise, but was instead "published" in connection with the sale or advertisement of articles of merchandise. It is enough to say that the same section which prescribes the classification of works for registration specifically provides:

"The above specifications shall not be held to limit the subject matter of copyright as defined in section 4 of this title, nor shall any error in classification invalidate or impair the copyright protection secured under this title." Title 17 U.S.C.A. § 5.

We do not stop to inquire whether the classification was correct, for if not correct it did not invalidate or impair the copyright protection.

■ Next, the defendant urges that plaintiff's catalogue sheet reflects no originality. It is interesting to note the different emphasis on originality in copyrights and patents extending back to the constitutional power of Congress. "To promote the Progress of Science and useful Arts, by securing for limited Times to Authors and Inventors the exclusive Right to their respective Writings and Discoveries." Constitution, Art. I, Sec. 8, Clause 8. Originality can be implied in "writings," but more clearly so in "discoveries." Most copyrights of advertisements would be invalidated if anything more than a very low degree of originality were required. In response to commercial reality, it is now settled that extremely little originality is essential for the copyright of an advertisement. Bleistein v. Donaldson Lithographing Co., 1903, 188 U.S. 239, 250–252, 23 S.Ct. 298, 300, 47 L.Ed. 460; Ansehl v. Puritan Pharmaceutical Co., 8 Cir., 1932, 61 F.2d 131, 136; Gordon v. Weir, E.D.Mich., 1953, 111 F.Supp. 117, 123, aff'd per curiam, 6 Cir., 1954, 216 F.2d 508 (an advertisement of a dot counting contest); Silvers v. Russell, S.D.Calif., 1953, 113 F.Supp. 119, 123. "To be copyrightable a work must be original in that the author has created it by his own skill, labor, and judgment." Dorsey v. Old Surety Life Ins. Co., 10 Cir., 1938, 98 F.2d 872, 873, 119 A.L.R. 1250. Clearly, plaintiff's catalogue sheet had sufficient originality to be copyrightable.

■ Next, defendant urges without citation of authority, that the reverse side of its catalogue sheet does not infringe the reverse side of plaintiff's, because the notice of copyright appears only on the front side. It appears to us that the notice requirements of the Copyright Act, 17 U.S.C.A. § 10 and § 19, do not necessitate as to one familiar with the front side on which the notice of copyright appears that another notice be on the reverse side of the sheet. See Coventry Ware, Inc. v. Reliance Picture Frame Co., 2 Cir., 1961, 288 F.2d 193.

■ Very clearly the defendant is guilty of infringing plaintiff's copyright on its catalogue sheet 6 of Section 50.

Count 2 of the complaint alleges infringement of copyright Registration No.

116,083 of plaintiff's catalogue "Sheet 40–A, Section 20, Cleartex Troffer." Defendant's catalogue sheet pages 49 and 50 for a DBR Fluorescent Fixture is similar, but our comparison of the two does not convince us that the defendant has copied from plaintiff's catalogue sheet. The initials "DBR" appearing on one of the illustrations and the words "Sandee Cleartex" in the text of defendant's sheet are suspect. However, defendant's evidence went to show that these terms were used inadvertently. Under all of the evidence, we are not convinced that the district court was erroneous in its ruling that the copyright of this catalogue sheet has not been infringed by the defendant.

Counts 3 and 4 are the counts based on the design patent and, as has been stated, no review is sought of the order dismissing those counts.

■ Counts 5 and 6 charge infringement of plaintiff's trademark "Cleartex" for fluorescent lighting fixtures and parts and unfair competition because of such infringement. The word "Cleartex" was used by defendant on only three of its publications. The first was in reprinting plaintiff's chart of the mathematical coefficients of various shielding elements. This chart was not copyrighted. We cannot see that the reprinting of it constituted an infringement on the trademark "Cleartex," because it does not appear that such reprinting "is likely to cause confusion or mistake or to deceive purchasers as to the source of origin of such goods." 15 U.S.C.A. § 1114(1).

Defendant's second use of "Cleartex" was on the page 49 of its catalogue, which has been discussed in connection with Count 2 of the complaint. There it referred to "Sandee Cleartex Plastic panels." Defendant's president explained that the reference was to a panel purchased from Sandee Manufacturing Company, a competitor of plaintiff, and that he was under the impression that it was identified as a "Cleartex" panel. As soon as he learned his mistake, he recalled this sheet of the catalogue. No fixtures had ever been sold that were identified in this sheet as "Cleartex." On page 12 of the blue price list in the back of defendant's catalogue, there is also a reference to "Cleartex Plastic Panels" and to catalogue page 49. This reference also bears the suspect initials DBR. The question is a close one, but we are not convinced that the district court's finding that the defendant did not infringe the trademark "Cleartex" is erroneous.

■ We think it unnecessary to prolong this opinion by a detailed discussion of the conclusion of the district court that plaintiff's trademarks for "db" "Lumatex" and "Paralouver" were not infringed by the defendant. The briefs do little more than mention those trademarks, and we are not convinced that the district court erred in its rulings of noninfringement.

Counts 7 and 8 are for infringement of plaintiff's trademark Day-Brite and unfair competition because of such infringement. We are inclined to agree with the district court's characterization of the other alleged infringements as "highly technical and isolated," but the complaint as to infringement of plaintiff's primary trademark and tradename Day-Brite appears to us to have real substance.

The defendant admitted that " * * * the Day-Brite name is the leading name in the electrical fixture field." Defendant's president further testified: "Q. Do you admit that the Day-Brite Manufacturing is probably the largest in its field? A. From figures that I have received, I would say they are a very large concern and probably one of the largest in the business." Since its incorporation in 1923, Day-Brite has been a part of the plaintiff's corporate name and its principal trademark. Plaintiff's business has grown from a modest $13,449.48 net sales and $1,355.78 advertising expenses in 1923 to $24,944,578.00 net sales and $634,282.00 advertising expenses for 1960. The defendant knew of the existence of Day-Brite when it started doing business in 1946, though it stoutly denies that that had anything to do with its choice of a corporate name.

In October 1948 plaintiff's officers saw an advertisement of the defendant in the September issue of Electrical South, and promptly wrote defendant that it considered the use of "Sta-Brite" to be an infringement of its tradename and trademark "Day-Brite." For more than a year letters passed between the parties and their attorneys on the subject, finally reaching an impasse with a letter from defendant's attorneys to plaintiff's attorneys, of date October 24, 1949, concluding: "We regret to differ with your point of view."

Plaintiff then dropped the complaint for more than ten years or until January 12, 1960, when its attorneys wrote the defendant a detailed letter of complaint preliminary to filing the present action on April 11, 1960. Meanwhile, the defendant had grown from a small local assembler of electrical fixtures in 1949 to a large company with about 400 stockholders and with sales of just under a million dollars for 1959. Defendant's president estimated that since 1956 it had spent "in the neighborhood of $10,-000.00 to $15,000.00 a year for advertising."

Up until 1951 the defendant simply used the word "Sta-Brite" as a part of its corporate name, giving it no more prominence than any other word in its name. Starting in 1951 it began to emphasize the word "Sta-Brite," putting it in fancy type many times the size of the rest of its corporate name and also using it separate and apart from that name. That use became more and more pronounced, and first came to the plaintiff's attention in 1956. In 1959 plaintiff received information from a few of its customers and field representatives indicating some actual confusion between the products. The matter came to a head with the issuance by the defendant of a preliminary prospectus dated November 27, 1959, for the sale of common stock to the public. The prospectus stated one of the purposes of the increased capital to be to expand the area of sales and the advertising and promotional budget.

In its brief the defendant makes a significant admission: "Defendant admits that the term 'Day-Brite' has acquired a secondary meaning in the minds of the public that 'Day-Brite fluorescent lighting fixtures' are manufactured and sold by the plaintiff."

Further, as has been mentioned, upon the trial the defendant admitted "that the Day-Brite name is the leading name in the electrical fixture field." Since the term has become distinctive of the plaintiff's goods in commerce, we need not consider and decide the objection that "Day-Brite" is merely descriptive of plaintiff's goods. See 15 U.S.C.A. § 1052(e) and (f). Compare In re Charles R. Long, Jr. Co., 1922, 51 App.D.C. 399, 280 F. 975. The mark having acquired a secondary meaning, it will be protected irrespective of any original weakness. Keller Products v. Rubber Linings Corporation, 7 Cir., 1954, 213 F.2d 382, 386, 47 A.L.R.2d 1108. On the other hand, the plaintiff cannot secure any right to the exclusive use of such a descriptive term as "bright" when applied to any kind of light, and when not used in such a manner as "is likely to cause confusion or mistake or to deceive purchasers as to the source of origin" of the goods. 15 U.S.C.A. § 1114(1); Pure Foods v. Minute Maid Corp., 5 Cir., 1954, 214 F.2d 792, 797.

This one really important phase of the case became so lost in the multitude of isolated and technical contentions that it has not been fairly developed in the district court, and we are not able with reasonable assurance to reach satisfactory conclusions about it on this appeal. The evidence as to actual confusion between the products was skimpy, and apparently was abbreviated in the light of the district court's obvious impatience to conclude the trial. The year and a half that has elapsed since the trial may throw further light on whether any actual confusion exists. As has been seen, the district court made practically no fact findings as to the likely confusion between defendant's present use of Sta-Brite and plaintiff's trademark Day-Brite.

The district court did imply that the plaintiff might be barred of any relief by laches. We would agree that the plaintiff has probably lost its right to damages occasioned during the period of its delay. See Independent Nail & Packing Co. v. Stronghold Screw Products, Inc., 7 Cir., 1953, 205 F.2d 921, 927. By its tacit acquiescence for ten years in the defendant's use of "Sta-Brite" as a simple part of its corporate name, the plaintiff may also have lost any right to require the defendant to eliminate that term from its name.

On the other hand, the defendant, a late-comer to the field, intensified its use of "Sta-Brite" after notice of plaintiff's objection and of what may have been reasonable grounds therefor. The defendant should not be permitted to reap where it has not sown. It cannot fairly get the benefit of plaintiff's good will or of any of plaintiff's large advertising expenditures. It may very well be that the plaintiff may prove itself entitled to injunctive relief restraining the defendant from using the words "Sta-Brite" separate and apart from its corporate name, or from emphasizing those words by size or by heavier or different printing or in any other way. If so, then the defendant may elect to change its corporate name as a more practicable alternative method of eliminating the likely confusion.

The discussion in the last two paragraphs is not intended as binding on the district court, but simply as suggestive. What we hold is that the issues presented by Counts 7 and 8 have not been fairly developed and should be decided only after all of the evidence is in upon a full and fair trial, and after the district court has made sufficiently detailed findings of fact. The plaintiff is entitled to a judgment on the issues presented by Count 1. On the remaining counts the plaintiff is not presently entitled to relief. Further evidence may, however, be offered; and evidence admissible under those counts may also be admissible on the issues presented by Counts 7 and 8.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.