LOOMSKILL, INC., Plaintiff,

v.

Joseph SLIFKA and Sylvia Slifka, doing business under the name of Slifka Fabrics, Defendants.

United States District Court
S. D. New York.

Nov. 19, 1963.

Helfat & Helfat, New York City, for plaintiff.

Arnold R. Krakower, New York City, Isidore A. Seltzer, New York City, of counsel, for defendants.

WYATT, District Judge.

Plaintiff moves for summary judgment in its favor (Fed.R.Civ.P. 56) and, if that motion be granted, for the appointment of a special master to determine damages (Fed.R.Civ.P. 53).

The action is for a permanent injunction and for damages based on an asserted infringement by defendant of two statutory copyrights owned by plaintiff, both for "reproductions of works of art (Class H)" under the statute and applicable regulation of the Copyright Office. 17 U.S.C. § 5(h); 37 C.F.R. § 202.-11. Plaintiff prints its copyrighted "reproductions", or designs, on textile fabrics which it sells to manufacturers of high grade women's clothing. Plaintiff asserts that defendant has deliberately copied the designs copyrighted by plaintiff, has used these designs to print textile fabrics, and has sold these infringing fabrics to manufacturers of a cheaper grade of women's clothing. Jurisdiction exists under 28 U.S.C. § 1338.

The motion does not state the papers on which it is based. In reaching decision, there have been considered (in addition to the pleadings on file) the affidavits of Joseph Brodie, sworn to September 18, 1963, of Isidore A. Seltzer, sworn to October 5, 1963, of Joseph Samelson, sworn to October 3, 1963, of Herbert Savit, sworn to October 3, 1963, of Bernard Helfat, sworn to October 7, 1963, and of Harold Eisner, sworn to October 7, 1963; the testimony by deposition of Joseph Samelson (pages 1–105A), of Joe Brodie (pages 1–21A), of Harry Weixel (pages 1–21), of Sidney Adler (pages 1–16), of Harold Eisner (pages 1–23) and of Arthur H. Morrow (pages 1–38). There were no exhibits with the depositions and the only depositions signed were those of Samelson and of Brodie. The only deposition filed was that of Samelson (pages 74–105A only); copies of the other depositions were supplied by counsel.

From a consideration of these papers, it appears that there is no genuine issue as to any material fact and that plaintiff is entitled to the relief sought. The motion of plaintiff is granted.

Plaintiff, Loomskill, Inc. ("Loomskill"), is a "style-leader" producer of textiles which it sells to the better women's dress manufacturers.

Sometime before October 1961, Loomskill bought from Weixel Associates (a design studio) an original fabric design of birds and foliage in squares. Plaintiff reproduced this design (with notice of copyright) on fabric under the name "1235 Lovelawn", and registered its claim to copyright; a certificate of registration of the claim as a "reproduction of a work of art" in Class H was issued by the Register of Copyrights under date of November 29, 1961

A few weeks after plaintiff first began using the birds and foliage design, it brought out a variant in which it reproduced the same design on a textile but with a striped overlay. This new effect was called "3618 Madrigal"; notice of copyright was given on it also but the claim to copyright was not then registered.

Defendants are partners doing business as "Slifka Fabrics" and will sometimes be referred to as "Slifka". Their general manager is Joseph Samelson.

In December 1961, Samelson bought several dresses at B. Altman which had been made from fabric printed with the birds and foliage design; beyond any question these dresses had been made by customers of Loomskill from its "Lovelawn" and "Madrigal" fabrics.

Samelson then had the birds and foliage design copied and beginning in March 1962 deliberately used the copied design to print fabric which Slifka began selling under the designation "#1041". From an inspection of Exhibit 2 to the complaint, it appears that Slifka copied the striped overlay "3618 Madrigal" design.

According to Samelson, he "opened up the selvage" and looked "in the selvage" of the dresses bought from Altman and saw no notice of copyright. He says he

"looked in the seams" of the dresses and saw no copyright notice. Thus, one of the defenses is that when defendant copied the design, it had no knowledge that the design was copyrighted.

Thereafter Loomskill registered its copyright of the "3618 Madrigal" design as a "reproduction of a work of art" and a certificate of registration of the claim in Class H was issued by the Register of Copyrights under date of May 11, 1962.

Slifka sold substantial quantities of its fabric with the copied designs; some was sold to Puritan Dress Company and made into women's dresses. There is no denial of the statements in the affidavit of Joseph Brodie for Loomskill that these Puritan dresses with the copied design were sold at a cheaper price than those made from Loomskill fabric.

The dresses made by Puritan came to the attention of Loomskill, which promptly commenced an action in this Court against Puritan on May 11, 1962.

It will be seen from the foregoing that in the action against Puritan exactly the same copyrights, exactly the same birds and foliage designs, and exactly the same fabrics were involved as are now involved in the case at bar.

In the action against Puritan, a motion for a preliminary injunction was granted over opposition from Puritan by Judge Metzner, whose order of preliminary injunction with detailed findings of fact ("prima facie shown by clear and convincing facts") and conclusions of law ("shown prima facie") was made on May 29, 1962 and filed on June 5, 1962.

Puritan had obtained leave before answer to make "Slifka Fabrics, Inc." a party to the action and to serve a third-party summons and complaint on it. Fed. R.Civ.P. 14 (which has since been amended, effective July 1, 1963). The third-party summons and complaint were served by Puritan on Slifka Fabrics on May 21, 1962. The findings of fact and conclusions of law made by Judge Metzner on May 29, 1962 in granting a preliminary injunction against Puritan are assumed to be not binding on Slifka Fabrics in the case at bar because, while a party to the action at that time, Slifka was not served with notice of the motion and did not appear at the argument thereof. The findings and conclusions of Judge Metzner are persuasive nonetheless as precedents.

When it appeared from Puritan's papers that it had purchased the fabric—described as "birds on twigs"—from "Slifka Fabrics, Inc.", plaintiff then on June 15, 1962 commenced this action against "Slifka Fabrics, Inc.". It has been stipulated, however, that Slifka Fabrics is not a corporation but a partnership of Joseph and Sylvia Slifka, who are now the defendants herein. The action against Puritan was settled and discontinued several months after the case at bar had been commenced.

Neither bringing Slifka into the Puritan action nor commencing this action served to halt the sale of the copied design. In late May, in June, and in July of 1962, Slifka continued to ship its "#1041" fabric with the copied design.

In opposing this motion, Slifka raises points which will be separately considered.

Slifka contends that there is an issue of fact as to whether the designs are "sufficiently original" to support a copyright. The contention is based on a claim that the birds and foliage were "derived from pictures and drawings in the public domain" because a "source" of the designs, reproductions of which on fabrics were registered by plaintiff for copyright, was an "Audubon book of birds." The facts are beyond dispute: an artist employed by Weixel Associates (from whom plaintiff bought the design) created the design and used the Audubon book as "a source" but did not copy it. In Audubon there were birds—one to a page, or male and female together—in watercolor; the Weixel artist used a pen and ink outline, did not use the same foliage as Audubon, got the foliage "out of her head", made up an arrangement of the birds "in odd shapes, angles", and "put in numbers haphazardly just to

make it look like it came from a document". These undisputed facts show that the design was "sufficiently original to satisfy the originality requirement of the copyright law". Peter Pan Fabrics, Inc. v. Dixon Textile Corp., 280 F.2d 800, 802 (2d Cir. 1960). Copyright differs markedly from a patent in the degree of invention required. "Presenting old material in a new plan or arrangement is sufficient to lend copyright ability to the resulting work". Amdur, Copyright Law and Practice, 86. Judge Metzner, of course, determined that the copyrights in suit were valid.

Slifka contends that there is an issue of fact as to whether notice of copyright was properly given by plaintiff.

■ The design was printed on the Loomskill fabric by Brewster Finishing Company in Paterson, New Jersey. Eisner, an employee of Loomskill, swears that he personally instructed Brewster to print a notice of copyright along with the designs here involved; that he personally checked the finished goods and knows that the copyright notice was in fact printed on each repeat of the design in the finished goods. Slifka does not controvert this showing directly. Slifka attempts to raise an issue of fact from the method used by Brewster to print the copyright notice. It appears that one way of printing the copyright notice is to engrave it on the printing rollers so that it is printed at the same time as the design (see for example, H. M. Kolbe Co. v. Armgus Textile Co., 315 F.2d 70, 73 (2d Cir. 1963)). Brewster does not use this method because, according to its plant superintendent, it was found that the cloth did not feed uniformly into the print machine but would get at an angle so that the copyright notice would not always hit the selvage but would sometimes get over into the fabric itself, with consequent damage. Brewster bought a special machine made in England just for printing on the selvage; the machine is used at a stage in finishing the cloth subsequent to the printing; it is mounted on one of the calender units. The affidavits for Slifka say that this is not the usual and customary method in the trade for printing copyright notices on the selvage. This, however, is entirely immaterial. No particular method is required to be used and beyond any doubt Brewster had a method for printing the copyright notice and elaborate procedures for determining that the notice was actually printed.

Slifka next contends that the copyright notice was invalid because it was printed only on the selvage and was not incorporated in the design itself. Samelson in his affidavit says that the copyright notice could have been put into each of the boxes in the design containing birds and foliage; he points out that there is printing in the designs themselves. There are no affidavits on this point from plaintiff, which apparently treats it as a point of law.

In Peter Pan Fabrics, Inc. v. Martin Weiner Corp., 274 F.2d 487 (2d Cir. 1960) it was settled (over Judge Friendly's dissent) that notice on the selvage was sufficient, at least as against a "deliberate copyist", who has the burden to show "that 'notice' could have been embodied in the design without impairing its market value" (274 F.2d at 490). This holding has since been cited in this Circuit with continued approval. H. M. Kolbe Co. v. Armgus Textile Co., 279 F. 2d 555 (2d Cir. 1960), 315 F.2d 70, 72 (2d Cir. 1963); Coventry Ware, Inc. v. Reliance Picture Frame Co., 288 F.2d 193, 195 (2d Cir. 1961).

■ It would be far more reassuring had plaintiff submitted affidavits on this point such as were submitted to Judge Levet in Peter Pan Fabrics, Inc. v. Dixon Textile Corp., 188 F.Supp. 235 (S.D.N.Y. 1960). A statement by counsel that notice "in the body of the textile * * * would destroy its marketability" is no more than an argument. Moreover, it is not a question of law, as contended for plaintiff, nor do the precedents treat it as such. H. M. Kolbe Co. v. Armgus Textile Co., 184 F.Supp. 423 (S.D.N.Y.1960), affirmed 279 F.2d 555 (2d Cir. 1960) was decided on an application for a prelimi-

nary injunction and the final decision (315 F.2d 70) was after a trial. Here plaintiff is contending that there should be no trial.

It remains true, however, that the burden on this aspect is with defendant, as already noted. Defendant has submitted no affidavits from dress manufacturers. Samelson says in his affidavit that to put a copyright notice in each of the boxes of the design would not affect the "artistic appeal" or "salability" of the fabric. Samelson is not a dress manufacturer and is, of course, partisan. Looking at the fabric design itself, it is difficult to see how the copyright notice could be put in the relatively small boxes without destroying the effect. The printing in the design is of the names of the birds and is much less distinct than the birds and the foliage. With some misgivings because of the character of the relief here sought—summary judgment —it is concluded that the affidavit of Samelson does not raise a genuine issue as to a material fact, namely, the feasibility of incorporating notice of copyright in the design without impairing its market value.

The result of upholding notice on the selvage as adequate is that a purchaser of dresses made from the fabric receives no actual notice of copyright because, as Judge Friendly pointed out, the notices "pile up in the cutting rooms" (274 F.2d at 490). Nevertheless "a copier acts at his peril if he takes the design from a finished dress". Peter Pan Fabrics, Inc. v. Dixon Textile Corp., 280 F.2d 800, 803 (2d Cir. 1960). Of course, absence of actual notice can be shown as a defense to a claim for damages, Peter Pan Fabrics, Inc. v. Dixon Textile Corp., 188 F.Supp. 235, 237 (S.D.N.Y.1960), but defendant here made some sales with the copied design after it had actual notice of copyright.

The motion, including the application for reference to a Special Master to hear and report as to the monetary relief to be awarded plaintiff, is granted.

Settle order on notice.