**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**October 10, 2006**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 05-51653

_____

ONE TREASURE LIMITED, INC.,

Plaintiff - Appellee,

VERSUS

WILLIAM C. RICHARDSON, also known as Will Richardson,
doing business as www.fine-art-maps.com,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas, Austin Division
1:04-CV-449

Before JOLLY, DAVIS and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant, William Richardson, proceeding *pro se*, challenges the judgment of the

district court entered after jury trial. The jury found that Plaintiff One Treasure Limited, Inc. is the

owner of valid copyrights in certain works of art, that Richardson had infringed the copyright in those

works and awarded damages. Finding no error, we affirm.

I.

Richardson argues first that the district court erred by denying his Motion for Continuance.

We review this decision for abuse of discretion. Johnston v. Harris County Flood Control Dist., 869

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

F.2d 1565, 1570 (5th Cir. 1989).  The district court's denial of the motion states that "Mr. Richardson is responsible for creating a circumstance whereby his lawyers were forced to withdraw from representation" eighteen days before trial.  Mr. Richardson failed to appear at the hearing on his attorney's motion to withdraw despite notice and presents no argument to rebut the district court's finding that his loss of representation (which created the need for the continuance) was not a result of his own actions.  The trial had been set for over six months.  The district court did not abuse its discretion in this matter.  Streber v. Hunter, 221 F.3d 701 (5th Cir. 2000)(Attorney withdrew 39 days before trial); Robertson v. Malone, 190 F.2d 756 (5th Cir. 1951)(Attorney withdrew 14 days before trial, pro se defendant).

## II.

On the merits, Richardson raises several issues related to the validity of One Treasure's copyright registrations and its ability to file this infringement action based on those registrations.

Richardson alleges first  that the copyright registrations filed by One Treasure for the works contain various errors and that these errors should invalidate the registrations.  Validity is an element of copyright ownership.  Feist Pub'lns, Inc. v. Rural Tel. Serv. Co., Inc., 111 S.Ct. 1282, 1296 (1991).  The jury in this case was asked to find whether One Treasure was the owner of a valid copyright in various works at issue in the case.  It answered affirmatively.

Immaterial, inadvertent errors in an application for copyright registration do not jeopardize the registrations validity.  Data Gen. Corp. v. Gummans Sys. Support Corp, 36 F.3d 1147, 1161 (1st Cir. 1994)(citing 2 Nimmer § 7.20, at 7-201).  Courts have repeatedly excused a wide range of errors, like those complained of by the defendant including misidentification of copyright claimant, misclassification of a work, misstatement of work's author, misstatement of a work's creation and publication dates, and misstatement that a work is made for hire. See 2 Nimmer § 7.20 (and cases

cited therein). To the extent that Richardson is arguing that the district court erred in denying his motion for directed verdict on the issue of validity, we affirm. The record contains sufficient evidence to support the jury's finding on the issue of validity.

Richardson argues next that district court erred by denying its motion for directed verdict on the issue that the registrations failed to identify what was covered by One Treasure's copyright registrations. We find no error. The registrations specifically identify the paintings by title, the title appears on the works, and the works were attached to each original application. This method of identification is sufficient to confirm what is copyrighted. Day-Brite Lighting, Inc. v. Sta-Brite Fluorescent Mfg. Co., 308 F. 2d 377, 380 (5th Cir. 1962).

Richardson also argues that One Treasure's works were derivative works and that the registrations willfully omit the identification of the derivative sources used to produce the works in Section 6 of the registrations. Even if Richardson is correct that the works are derivative, failure to register them as such and listing the preexisting works does not invalidate a registration without fraudulent intent. Original Appalachian Artworks, Inc. v. Toy Loft, Inc., 684 F.2d 821, 828 (11th Cir. 1982); JBJ Fabrics, Inc. v. Brylane, Inc., 714 F. Supp. 107, 109 (S.D.N.Y. 1989). There is no evidence in the record to support Richardson's claims of fraud.

Richardson claims next that One Treasure was precluded from bringing this copyright infringement action against him because registration applications for some of the works were not filed before suit was filed and because written transfers of copyrights from the artists who produced the works were not in existence before the works were created or the registrations were filed. This claim has no merit. All defects resulting from lack of registration are cured when the registration is filed, even if after suit is filed. Positive Black Talk, Inc. v. Cash Money Records, Inc., 394 F.3d 357, 365 (5th Cir. 2004). Also, assignments of copyright may postdate registration, Arthur Rutenberg Homes

v. Drew Homes, Inc., 29 F.3d 1529, 1532-33 (11th Cir. 1994), and filing of suit, Billy-Bob Teeth  v. Novelty, Inc., 329 F.3d 586, 590-93 (7th Cir. 2003).

We see no basis for overturning the verdict of the jury on the issue of validity and ownership of the copyright registrations at issue in this case.

## III.

Richardson next claims errors in the jury instructions relating to several subjects: (1) failing to instruct on the difference between probative similarity and substantial similarity, (2) instructing the jury that plaintiff could claim to be the author of work made for hire, and (3)  failing to instruct the jury that deliberate material omissions, material misrepresentations and fraud in the registrations to obtain copyright certificates renders them invalid.  Richardson did not object to the first two claimed errors, so they are not preserved.  Fed.R.Civ.P. 51(c).  Richardson did raise an objection related to the last claimed error regarding the instruction on the validity of the copyright registrations. However, it is clear from the record that Richardson's objection was not a comment about the legal accuracy of the instruction, but rather a comment on his view of the facts.  This is made clear by the fact that the instruction paragraph referred by Richardson in his objection includes an instruction that "clerical errors" do not affect the validity of the registration, however  "if errors were intentional for the purpose of deceiving the Copyright Office and perpetuating a fraud, the errors then invalidate the registration."  Accordingly, we find no error.

## IV.

Finally, Richardson makes other arguments with little or no discussion relating to whether criminal offenses under 17 U.S.C. § 506(e) of the copyright law were relevant to the case, and relating to the district court's denial of admission to defendant's exhibits and materials.  Based on our review of the record and the briefs, we find no error.

V.

For the foregoing reasons, the judgment of the district court is AFFIRMED.