Helen D. MILLER, Individually and as Executrix of the Estate of Alton G. Miller, Deceased, Shapiro, Bernstein & Co., Inc., Gershwin Publishing Corporation, Edward B. Marks Music Corporation, Miller Music Corporation, Lewis Music Publishing Company, Inc., and Mutual Music Society, Inc., Plaintiffs,

v.

Sam GOODY, Sidney Turk and Harold Grossbardt, individually and doing business as Colony Record & Radio Center, Colony Record & Radio Center, Inc., Arcade Music Shop, Inc., Rivoli Music Center, Inc., Portem Distributing, Inc., and Joseph Krug, individually and doing business as A. F. N. Record Co., Defendants.

United States District Court
S. D. New York.
Nov. 3, 1954.

Abeles & Bernstein, New York City, Julian T. Abeles, New York City, of counsel, for plaintiffs Shapiro, Bernstein & Co., Inc., Gershwin Pub. Corp., Edward B. Marks Music Corp., Miller Music Corp., Lewis Music Pub. Co., Inc., and Mutual Music Soc., Inc.

Dickstein, Shapiro & Friedman, New York City, Giuffre Gelbard & Spitz, New York City, Sidney Dickstein, New York City, of counsel, for defendant Joseph Krug, individually and doing business as A. F. N. Record Co.

DAWSON, District Judge.

This is a copyright infringement action in which a motion has been made by all of the plaintiffs except Helen D. Miller, individually and as administratrix, to enter default judgment in favor of the plaintiffs against defendant Joseph Krug, individually and doing business as A. F. N. Record Co. The fact that a default exists on the part of this defendant to the complaint of these particular plaintiffs is not denied. The application for judgment seeks:

(1) An injunction enjoining the defendant from infringing the musical copyrights of said plaintiffs and from manufacturing, distributing, vending, selling, marketing, or otherwise disposing of any parts of instruments serving to reproduce mechanically the copyrighted musical compositions which are the subject matter of this action.

(2) Requiring the defendant to deliver up for destruction all parts serving to reproduce mechanically said copyrighted musical compositions and all matrices, plates, molds, stamps, discs,

tapes, and other matter upon which the copyrighted musical compositions may be recorded or transcribed, or from which such parts serving to reproduce mechanically said copyrighted musical compositions may be made.

(3) The appointment of a Special Master to ascertain the amount of damages to be awarded to such plaintiffs against said defendant.

Defendant Joseph Krug, individually and doing business as A. F. N. Record Co., makes no objection to the entry of a default judgment granting an injunction and appointing a Special Master for the determination of the amount of damages to which plaintiffs may be entitled. This defendant urges, however, that he should not be required to deliver up for destruction the mechanical means used to reproduce the allegedly infringing copies. This defendant urges that Section 101, Tit. 17 U.S.C.A., provides for the remedies which shall be afforded to a plaintiff against an infringing defendant, and that this Section provides in subsection (e) for the compulsory licensing of copyrighted musical compositions when the copyright owner has used or permitted the use of the copyrighted work for mechanical reproduction. This subsection provides that such compulsory licensing must be granted upon compliance with the requirement that the person intending to use such copyrighted musical work send notice of such intention by registered mail to the copyright owner and a duplicate of such notice to the copyright office and by the payment of royalties, as provided in subsection (e) of Section 1, Tit. 17.

There is no dispute that the copyright owner of the musical compositions involved in this action has permitted the use of the copyrighted work for mechanical reproduction. There is also no dispute that defendant Krug did not serve a notice of intention to use the copyrighted musical compositions upon the parts of instruments serving to reproduce mechanically the musical work and has reproduced the parts (i. e., the records) without permission of the copyright owner or the payment of royalties to the copyright owner.

The defendant urges that if he is compelled to deliver up these devices for destruction, he will no longer be enabled to use them for the reproduction of the records when hereafter he may give notice under the compulsory licensing provisions of the Copyright Act and pay the fixed royalties provided therein.

The issue, therefore, is: Can the admitted infringer of musical copyrights be compelled to deliver up for destruction those devices now possessed by him which will enable him to reproduce the records which will infringe the copyright? I do not find any decision directly on this point, nor has one been cited to me.

The rights possessed by the owner of a copyright are purely statutory rights. Prior to the Copyright Act of 1909, the manufacture of phonograph records was not an infringement of copyright. White-Smith Music Pub. Co. v. Apollo Co., 1908, 209 U.S. 1, 28 S.Ct. 319, 52 L.Ed. 655. Thus, before the right to authorize the manufacture of phonograph records was given protection by statute, a recording of a work could be made without the author's consent. We must therefore look to the Copyright Act itself to see the extent of the protection given to the copyright owner.

The Copyright Act defines the specific rights which are granted to a copyright proprietor. If the copyrighted work is a musical composition, the copyright proprietor has the exclusive right "to perform the copyrighted work publicly for profit", Section 1(e), Tit. 17 U. S.C.A. However, this right which is given to the copyright proprietor with respect to musical compositions is limited by the so-called compulsory license provision of the statute which provides, in effect, that once a composition is recorded, anyone else may record it on paying two cents for each record manufactured. The payment of this royalty "shall free the articles or devices for which such royalty has been paid from

further contribution to the copyright except in case of public performance for profit."

Section 1 of the Copyright Act which grants the right of copyright on a musical composition subject to the compulsory licensing provision, puts no condition upon the compulsory licensing provision, except the payment of the royalty and the provision that if the royalty is not paid within 30 days after demand, the Court may enter judgment for three times the amount of the royalty due, plus taxable costs and a reasonable counsel fee.

■ The remedies which a copyright proprietor may obtain in the event of infringement of copyright are statutory remedies. They are enumerated in Section 101 of Tit. 17 U.S.C.A. The measure of the "rights and liabilities" of the copyright proprietor must be found from the language of the statute. Edward B. Marks Music Corp. v. Foullon, 2 Cir., 1949, 171 F.2d 905, 907.

■ The remedies possessed by a copyright proprietor in the event of an infringement by means of phonograph records appear to be limited to the remedies provided in subsection (e) of this Section, i. e., that an injunction may be granted upon such terms as the Court may impose and that the plaintiff shall be entitled to recover, in lieu of profits and damages, a royalty as provided in Section 1, subsection (e) of the Act, which may be tripled if the person who has utilized the copyright work has not given notice to the copyright proprietor and the copyright office of his intention to use the work.

The provisions of subsection (d) of the aforesaid Section do not appear to be applicable to cases in which the violation of copyrights consists of the use of mechanical reproduction of musical works.

In G. Ricordi & Co. v. Columbia Graphophone Co., 2 Cir., 1920, 263 F. 354, Ricordi brought an action against Columbia for infringement of a copyright resulting from the use of a copyrighted song in making phonograph records. A decree of injunction was entered for the plaintiff. Defendant appealed. While the appeal was pending, the defendant gave the statutory notice to the copyright proprietor and the copyright office that it intended to make and sell copies of the records. The Court of Appeals dismissed the appeal as moot on the ground that, the notice having been given, an injunction was no longer either necessary or proper, since the defendant, by giving the notice, became entitled to make and sell the records.

■ If, therefore, a party may at any time, even during an appeal, give notice that it intends to utilize a copyrighted musical composition in the making of records and to pay the royalties thereon, there would seem to be no reason for a court to require the destruction of the devices necessary for the making of those records.

■ However, since the defendant has openly appropriated the benefit of the copyrighted compositions without giving statutory notice or paying the royalties, I believe that it is within my power, as a matter of discretion, under subsection (e) of Section 101 of Tit. 17, to include in the injunction a provision that the matrices, plates, molds, stamps, discs, tapes, and other matter upon which the copyrighted musical compositions may be recorded or transcribed, or from which the parts serving to reproduce mechanically said copyrighted musical compositions may be made, shall be impounded until the defendant shall have paid the royalties and damages provided in the final decree herein and shall have given notice to the copyright proprietor and to the copyright office of his intention to exercise the compulsory licensing provisions of the statute.

■ The plaintiffs urge, as an additional point, that the devices should be delivered up for destruction under the provisions of Section 108 of the Act which provides that all articles, the importation of which is prohibited by this title, which are brought into the United States from any foreign country,

shall be destroyed in such manner as the Secretary of the Treasury, or the Court, as the case may be, shall direct. The plaintiffs urge in the motion papers that these devices were imported into the United States as pirated copies of work copyrighted in the United States.[1] The complaint makes no such assertion and seeks no relief upon the basis of an importation into the United States of pirated copies of work copyrighted in the United States. Therefore, since the complaint does not seek the destruction of the devices on the ground that they represent importation of pirated works, there has been no default as to such a contention, and I can give no relief to the plaintiffs on this ground.

Judgment for default shall be granted against Joseph Krug, individually and doing business as A. F. N. Record Co.:

(1) Enjoining the defendant, pending further order of this Court, from infringing the musical copyrights of said plaintiffs and from manufacturing, distributing, vending, selling, marketing, or otherwise disposing of any parts of instruments serving to reproduce mechanically the copyrighted musical compositions which are the subject matter of this action, and requiring said defendant to deliver up to the Special Master, herein provided for, for impounding, all parts serving to reproduce mechanically said copyrighted musical compositions or from which may be made records or parts serving to reproduce mechanically said copyrighted musical compositions;

(2) Providing that upon satisfactory proof being presented to this Court that the defendant has paid the royalties and damages provided in the final judgment herein and has given the notices required to take advantage of the compulsory licensing provisions of the statute, the aforesaid injunction and impounding order may be lifted;

(3) For royalties in the sum of two cents on each record manufactured, plus damages of three times such amount, plus taxable costs and reasonable counsel fee to be hereafter approved by the Court;

(4) Appointing Charles L. Sylvester, Esq. of 501 Madison Avenue, New York, N. Y., as Special Master to ascertain the amount of royalties and damages to be awarded to such plaintiffs against said defendant.

The foregoing shall constitute the findings of fact and conclusions of law of this Court. If any further findings of fact or conclusions of law are desired, they may be submitted by the parties at the time of the settlement of the order.

Settle order on five days' notice.

---

1. Plaintiffs base their contention that these devices were imported from a legend which appears on the jacket of each recording which states: "In these two volumes we are proud to present the last recordings made by a Miller-led orchestra. These recordings were taken from propaganda broadcasts made in London and beamed directly at the German soldiers." While there may be some inference that the devices in question were made in Europe and thereafter imported into this country, the complaint does not so allege, and it is within the realm of possibility that the devices were made in the United States.