DAN KASOFF, INC., Plaintiff-Appellee,

v.

NOVELTY JEWELRY CO., Inc., Melba Jewels, Inc., and Henry Frankel, Defendants-Appellants.

No. 48, Docket 27547.

United States Court of Appeals Second Circuit.

Argued Oct. 18, 1962.

Decided Nov. 2, 1962.

word "Florenza", plaintiff's trademark, rather than plaintiff's name, the defendants, as willful infringers wholly aware of the existence of the copyright, are in no position to assert the insufficiency of the notice. See National Comics Publications, Inc. v. Fawcett Publications, Inc., 191 F.2d 594 (2d Cir.1951).

Affirmed.

Eric Y. Munson, New York City, for appellants.

Charles Sonnenreich, New York City, for appellee.

Before WATERMAN, HAYS and MARSHALL, Circuit Judges.

PER CURIAM.

Although it might be thought that the invocation of the power of government to protect designs against infringement implied some merit other than a faint trace of "originality", it is now settled beyond question that practically anything novel can be copyrighted. Mazer v. Stein, 347 U.S. 201, 74 S. Ct. 460, 98 L.Ed. 630 (1954); Rushton v. Vitale, 218 F.2d 434 (2d Cir.1955). "No matter how poor artistically the 'author's' addition, it is enough if it be his own". Alfred Bell & Co. v. Catalda Fine Arts, Inc., 191 F.2d 99, 103 (2d Cir. 1951).

There can be no doubt that the copyright on plaintiff's garish trinket was valid and that defendants infringed by copying plaintiff's product.

Even if, as defendants urge, the copyright notice might not be sufficient for some purposes, because it used the

