**LOOMSKILL, INC., Plaintiff-Appellee,**

v.

**Joseph SLIFKA and Sylvia Slifka, doing business under the name of Slifka Fabrics, Defendants-Appellants.**

United States Court of Appeals
Second Circuit.

Argued April 8, 1964.

Decided April 20, 1964.

Arnold R. Krakower, New York City, for appellants, Isidore A. Seltzer, New York City, of counsel.

Helfat & Helfat, New York City, for appellee, Bernard A. Helfat and J. Nathan Helfat, New York City, of counsel.

Before SWAN, MOORE and SMITH, Circuit Judges.

PER CURIAM.

Both plaintiff and defendants are converters of greige goods for sale to manufacturers of women's apparel. Plaintiff is a "style-leader," that is, a converter who originates new lines of designs, one for each of the three seasons in the ladies' garment industry, as distinguished from converters like defendants who produce staple goods which can be carried over from year to year. The present action charged defendants with infringing two copyrighted textile designs of plaintiff. The fact that defendants copied plaintiff's designs being undisputed, Judge Wyatt granted plaintiff's motion for summary judgment, permanently enjoined infringement, and appointed a master to report as to the damages to be awarded plaintiff.

Defendants' appeal raises two points as to the sufficiency of plaintiff's proof of compliance with the notice requirements of the copyright statute. Neither point has merit.

■ The evidence was undisputed that the copyright notice was printed on the selvage of plaintiff's fabric. This is sufficient. Peter Pan Fabrics, Inc. v. Dixon Textile Corp., 2 Cir., 280 F.2d 800, 802–804. Not a yard of fabric without the notice was produced by defendants. Their attempt to raise an issue of fact as to the printing results only from a distortion of the evidence. These defendants are notorious infringers. In

Cortley Fabrics Co. v. Slifka, 175 F. Supp. 66 (S.D.N.Y.), aff'd 2 Cir., 317 F. 2d 924, in an infringement action against these same defendants, Judge Dawson sent a copy of his opinion to the United States Attorney for consideration of criminal prosecution.

 Their second point is based on Peter Pan Fabrics, Inc. v. Martin Weiner Corp., 2 Cir., 274 F.2d 487, 490 where this court indicated that a deliberate copyist would have a valid defense if he could prove that the copyright notice could be embodied in the textile design without impairing the market value of the fabric. While this may be termed an issue of fact on the pleadings, it ceased to be such an issue upon its resolution on inspection of the goods in evidence before the court on motion for summary judgment. See discussion of the summary judgment rules in Dressler v. MV Sandpiper, etc., 2 Cir., 331 F.2d 130.

Judgment affirmed.