**TED ARNOLD LTD., Plaintiff,**

v.

**SILVERCRAFT CO., Inc., Defendant.**

**No. 66 Civ. 2717.**

United States District Court
S. D. New York.

Sept. 26, 1966.

Kirschstein, Kirschstein & Ottinger, New York City, for plaintiff (David B. Kirschstein and George Gottlieb, New York City, of counsel).

Segal & Dorris, Flushing, N. Y., for defendant (Howard S. Dorris, Flushing, N. Y., of counsel).

## OPINION

MacMAHON, District Judge.

Plaintiff, a manufacturer of gifts and novelties, owns a "works of art"[1] copyright on a simulation of an antique telephone which it uses as a casing for a pencil sharpener. It has been making and distributing its telephone sharpener since February 1965. It seeks a preliminary injunction restraining defendant from selling a substantially similar product. Defendant, an importer and distributor of gifts and novelties, first ordered its accused product from a Japanese manufacturer in February 1966.

Defendant concedes that the products are substantially similar. Each is a small walnut stained box, designed and ornamented to look like an antique telephone. Neither looks like a pencil sharpener. The details are virtually identical. Defendant also concedes the originality of plaintiff's product and does not claim independent work or inspiration from common sources.

Defendant denies infringement on two grounds. First, that the copyright notice affixed to plaintiff's product is so illegible that it does not meet the requirement of 17 U.S.C. § 10. Second, that plaintiff's copyright is invalid because it was obtained not on a work of art but on a work of utility.

■ Notice of copyright is required to be affixed to each copy of the work offered for sale in the United States. 17 U.S.C. § 10. The purpose of notice is to prevent innocent persons who are unaware of the copyright from incurring the penalities of infringers by reproducing or making use of the work. Necessarily, therefore, the copyright notice affixed to the work must be legible to the naked eye. Nimmer, Copyright § 88.

■ Defendant concedes, as it must, that the name "Ted Arnold Ltd.," preceded by a circle with a "C" inside, is stamped on the base of the brass striker between the bells on top of plaintiff's product, but contends that the notice can only be seen with the aid of a magnifying glass and is therefore insufficient. We find, however, that this notice is discernible to the unaided eye, although some scrutiny is required to locate it and it is in small type.[2] Such notice, nevertheless, satisfies the statutory requirements. Coventry Ware, Inc. v. Reliance Picture Frame Co., 288 F.2d 193 (2 Cir. 1961); Trifari, Krussman & Fishel, Inc. v. Charel Co., 134 F.Supp. 551 (S.D.N.Y.1955); Nimmer, Copyright § 88.

■ We turn to defendant's contention that this copyrighted article is not a work of art because it is utilitarian. It is crucial at this point to make clear that the copyrighted article is the simulation of an antique telephone, not the pencil sharpener inside, and not the combination of the two. Defendant acknowledges that the article was registered as an "antique telephone," but contends that the casing cannot be considered apart from the pencil sharpener. We disagree. The Copyright Regulations provide: "If the shape of a utilitarian article incorporates features, such as artistic sculpture, carving, or pictorial representation, which can be identified separately and are capable of existing independently as a work of art, such *features* will be eligible for registra-

---

1. 17 U.S.C. § 5(g) (h).

2. During 1966 plaintiff began placing an additional, more noticeable, copyright notice in ink on the back of its telephone. Its caution indicates that the plaintiff realized that the original notice left room for improvement. However, we find that the original notice was legible, and this is all the law requires. There is no requirement that the notice be as prominent as is feasible.

tion."[3] The telephone casing could be separated physically from the pencil sharpener. The only feature that "belongs" to each is the crank, which looks like the crank on early telephones, but also serves the utilitarian function of turning the sharpener. Even without the crank, the telephone casing could still exist independently as a work of art, as we shall see.

A case in point is Mazer v. Stein, 347 U.S. 201, 74 S.Ct. 460, 98 L.Ed. 630 (1954). There, the defendants phrased the issue this way:

> "'Can statuettes be protected in the United States by copyright when the copyright applicant intended primarily to use the statuettes in the form of lamp bases to be made and sold in quantity and carried the intentions into effect?
>
> 'Stripped down to its essentials, the question presented is: Can a lamp manufacturer copyright his lamp bases?'"[4]

The Supreme Court criticized this phraseology:

> "The first paragraph accurately summarizes the issue. The last gives it a quirk that unjustifiably, we think, broadens the controversy. The case requires an answer, not as to a manufacturer's right to register a lamp base but as to an artist's right to copyright

a work of art intended to be reproduced for lamp bases."[5]

Defendant is no more persuasive than the *Mazer* defendants in picturing the artistic features as nothing in themselves and merely necessary parts of the product as a whole. An antique telephone is no more necessary to encase a pencil sharpener than a statuette is to support a lamp.[6]

▮ Defendant contends that even the telephone casing, by itself, is not a work of art. "In order to be acceptable as a work of art, the work must embody come creative authorship in its delineation or form."[7] The telephone casing satisfies this requirement. It is not a copy of any real telephone. It is a composite creation, the result of library research and sketches of different types of early telephones. It is irrelevant that early telephones were strictly utilitarian. Plaintiff's version was not designed for the same use.

Defendant argues that the simulated telephone might have been a work of art if it had been intended simply as a decoration, but that it forfeited that status because it was intended to serve as a casing for a pencil sharpener and was created specifically for that use. Plaintiff concedes that the dimensions it designed were limited by the dimensions of the pencil sharpener. But this does not mean that the antique telephone is

---

3. 37 C.F.R. § 202.10(c) (emphasis added).

4. Mazer v. Stein, 347 U.S. 201, 204–205, 74 S.Ct. 460, 463 (1954).

5. Id. at 205, 74 S.Ct. at 464.

6. Defendant cites a case in which the trial judge refused to allow copyright protection to a watch with distinctive minute and hour hands. Vacheron & Constantin-Le Coultre Watches, Inc. v. Benrus Watch Co., 155 F.Supp. 932 (S.D.N.Y. 1957), modified, 260 F.2d 637 (2 Cir. 1958). In that case, the Copyright Office had twice refused to register the watch. The Court of Appeals affirmed on the ground that protection had been lost by failure to sue the Copyright Office to compel registration. It found it unnecessary to decide whether the watch was

copyrightable. (Judge Clark said it was copyrightable.) Any way, the trial judge was working with a previous version of the second sentence of 37 C.F.R. § 202.10(c) which talked of "the object," and not its "features." "However where the object is clearly a work of art in itself, the fact that it is also a useful article will not preclude its registration." Section 202.10(c) of the Copyright Regulations, 37 C.F.R. 1956 Supp., § 202.10(c). But, even if the *Vacheron* case arose under the present version, it would seem that the unusual minute and hour hands could "be identified separately," but would not be "capable of existing independently as a work of art" apart from the rest of the watch.

7. 37 C.F.R. § 202.10(b).

merely utilitarian. There was still room here for considerable artistic expression. The use plaintiff intended for the antique telephone is irrelevant.

"We find nothing in the copyright statute to support the argument that the intended use or use in industry of an article eligible for copyright bars or invalidates its registration. We do not read such a limitation into the copyright law.

"Nor do we think the subsequent registration of a work of art published as an element in a manufactured article, is a misuse of the copyright."[8]

■ Even if we are wrong and the "article" is the entire product, we would not agree with defendant that its "sole intrinsic function * * * is its utility."[9] Customers are paying fifteen dollars for it, not because it sharpens pencils uncommonly well, but because it is also a decorative conversation piece. It is not merely an "unique and attractively shaped"[10] pencil sharpener. It is an imaginative conjunction of two objects, one of which disguises the other. Therefore, even if the entire product is to qualify as a work of art, we feel that it does.

Accordingly, plaintiff is entitled to a preliminary injunction restraining defendants from distributing or selling their pencil sharpener, or otherwise infringing on plaintiff's copyright.

■ Plaintiff's request to impound defendant's allegedly infringing articles is denied, there being no extraordinary circumstances to require it.[11]

■ Pursuant to Rule 65(c) of the Federal Rules of Civil Procedure, plaintiff Ted Arnold Ltd. will be required, as a condition of the grant of injunctive relief, to give security in the sum of $2,500. for the payment of such costs

and damages as may be incurred or suffered in the event that defendant is found to have been unlawfully enjoined.

Post bond and settle order within ten (10) days.

---

8. Mazer v. Stein, supra, 347 U.S. at 218, 74 S.Ct. at 471.

9. 37 C.F.R. § 202.10(c).

10. Ibid.

11. Cf. Miller v. Goody, 125 F.Supp. 348 (S.D.N.Y.1954); Perkins Marine Lamp & Hardware Co. v. Goodwin Stanley Co., 86 F.Supp. 630 (E.D.N.Y.1949).