UNEEDA DOLL CO., Inc., Plaintiff-
Appellant,

v.

GOLDFARB NOVELTY CO., Inc. and
Walgreen Eastern Co., Inc.,
Defendants-Appellees.

No. 396, Docket 31165.

United States Court of Appeals
Second Circuit.

Argued March 6, 1967.

Decided March 9, 1967.

Leonard Zissu, New York City (Zissu, Marcus & Stein, New York City, on the brief), for plaintiff-appellant.

Thomas R. Farrell, New York City (Martin Kleinbard, and Paul, Weiss, Rifkind, Wharton & Garrison, New York City, on the brief), for defendant-appellee Goldfarb Novelty.

Before LUMBARD, Chief Judge, and WATERMAN and SMITH, Circuit Judges.

852

J. JOSEPH SMITH, Circuit Judge:

■ The Uneeda Doll Company, Inc. appeals pursuant to 28 U.S.C. § 1292 (a) (1) from an order of the United States District Court for the Eastern District of New York, John F. Dooling, Judge, which denied its motion to enjoin preliminarily the Goldfarb Novelty Company, Inc. and the Walgreen Eastern Company from infringing the copyright on appellant's "Pee Wee" doll. Judge Dooling found that Goldfarb's "Mini-Doll," which was sold in Walgreen's stores, was directly copied from appellant's Pee Wee doll and that appellant was threatened with irreparable injury, but concluded that appellant had forfeited its copyright by failing to comply with the notice provisions of the Copyright Act, 17 U.S.C. §§ 10, 19 and therefore was not entitled to a preliminary injunction. We uphold the finding of direct copying. Contrary to Judge Dooling's conclusion, however, we hold that appellant has adequately complied with the notice requirements of the Act. Consequently, provided appellant posts a $30,000 bond, we order that a preliminary injunction issue forthwith.[1]

■ The notice sections are the cornerstone of the formal prerequisites to obtaining a copyright. Section 10 establishes the general requirement.

§ 10. Publication of work with notice

Any person entitled thereto by this title may secure copyright for his work by publication thereof with the notice of copyright required by this title; and such notice shall be affixed to each copy thereof published or offered for sale in the United States by authority of the copyright proprietor, except in the case of books seeking ad interim protection under section 22 of this title.

Section 19 delineates the notice provisions for particular works.

§ 19. Notice; form

The notice of copyright required by section 10 of this title shall consist either of the word "Copyright", the abbreviation "Copr.", or the symbol "©", accompanied by the name of the copyright proprietor, and if the work be a printed literary, musical, or dramatic work, the notice shall include also the year in which the copyright was secured by publication. In the case, however, of copies of works specified in subsections (f) to (k), inclusive, of section 5 of this title, the notice may consist of the letter C enclosed within a circle, thus ©, accompanied by the initials, monogram, mark, or symbol of the copyright proprietor: *Provided,* That on some accessible portion of such copies or of the margin, back, permanent base, or pedestal, or of the substance on which such copies shall be mounted, his name shall appear. But in the case of works in which copyright was subsisting on July 1, 1909, the notice of copyright may be either in one of the forms prescribed herein or may consist of the following words: "Entered according to Act of Congress, in the year     , by A. B., in the office of the Librarian of Congress, at Washington, D. C.," or, at his option, the word "Copyright," together with the year the copyright was entered and the name of the party by whom it was taken out; thus, "Copyright, 19—, by A. B."

■ "The purpose of a copyright notice is to prevent innocent persons who are unaware of the existence of the copyright from incurring the penalties of infringers by making use of the copyrighted work." Shapiro, Bernstein & Co. v. Jerry Vogel Music Co., 161 F.2d 406, 409 (2d Cir. 1946), cert. denied 331 U.S. 820, 67 S.Ct. 1310, 91 L.Ed. 1837 (1947), Fleischer Studios, Inc. v. Ralph A. Freundlich, Inc., 73 F.2d 276 (2d Cir. 1934), cert. denied 294 U.S. 717, 55 S. Ct. 516, 79 L.Ed. 1250 (1935), Davis v. Albany Novelty Mfg. Co., 236 F.2d 144 (2d Cir. 1956); Rushton v. Vitale, 218 F.2d 434 (2d Cir. 1955). Therefore, we need not review Judge Dooling's finding of irreparable harm.

1. Since appellant has made out a prima facie case of copyright infringement, it is entitled to a preliminary injunction even without a detailed showing of danger of irreparable harm. Joshua Meier Co. v.

Du Pont de Nemours & Co., 240 F.Supp. 612 (S.D.N.Y. 1965). In keeping with this purpose, courts generally, and particularly those of this circuit, have afforded protection to cne who has substantially complied with sections 10 and 19.[2]

■ Appellees do not dispute the fact that appellant's Pee Wee doll is copyrightable as a work of art under section 5(g) of the Act. Mazer v. Stein, 347 U.S. 201, 74 S.Ct. 460, 98 L.Ed. 630 (1954), Ideal Toy Corp. v. Sayco Doll Corp., 302 F.2d 623 (2d Cir. 1962), Rushton v. Vitale, 218 F.2d 434 (2d Cir. 1955), Alfred Bell & Co. v. Catalda Fine Arts, Inc., 191 F.2d 99 (2d Cir. 1951). The dispute, rather, is centered on the question of whether the abbreviation "U. D. Co. Inc. © 1965" which appears on the sole of the doll's left foot[3] when read in conjunction with the legend "© Uneeda Doll Co., Inc. 1966" printed on the cardboard display package with a three-sided transparent plastic window in which the dolls are sold, satisfies the following demands of section 19: "[T]he notice may consist of the letter C enclosed within a circle, thus ©, accompanied by the initials, monogram, mark, or symbol of the copyright proprietor: *Provided,* That on some accessible portion of such copies or of the margin, back, permanent base, or pedestal, or of the substance on which such copies shall be mounted, his name shall appear." Clearly, the inscription on the left foot is the "initials" of the copyright proprietor. This leaves the more difficult question of whether appellant has complied with the proviso to section 19. We hold that it has because the display on which appellant's name appears is "the substance on which * * * [the dolls are] * * * mounted." In so ruling, we are mindful of the difficulty of placing a legible, see Ted Arnold Ltd. v. Silvercraft Co., 259 F.Supp. 733 (S.D. N.Y.1966), Nimmer, Copyright § 88.2 (1964), and complete copyright notice on a three and one half inch plastic doll without causing the disfigurement which § 19 with its short form of notice was enacted to avoid. H.R. Rep. No. 2222, 60th Cong.2d Sess. (1909), Nimmer §§ 86.3, 84.1.

■ We also notice that the display package is not only an integral part of the product when it is sold but also can be used as a keeping place for the doll. At this point, it is pertinent to mention

2. See generally, Kaplan, An Unhurried View of Copyright: Proposals and Prospects, 66 Colum.L.Rev. 831, 832 (1966); Comment, 8 UCLA L.Rev. 703, 720 (1961); Comment, 59 Mich.L.Rev. 616, 619–20 (1961). See, e. g., Fleischer Studios, Inc. v. Ralph A. Freundlich, Inc., 73 F.2d 276 (2d Cir. 1934) (permissible to omit "Inc." from name); National Comics Pubs. v. Fawcett Pubs., 191 F.2d 594 (2d Cir. 1951) (sufficient to name related company as proprietor). The rule for textile designs is "at least in the case of a deliberate copyist, as in the case at bar, the absence of 'notice' is a defense that the copyist must prove, and that the burden is on him to show that 'notice' could have been embodied in the design without impairing its market value." Peter Pan Fabrics, Inc. v. Martin A. Weiner Corp., 274 F.2d 487, 490 (2d Cir. 1960); H. M. Kolbe Co. v. Armgus Textile Co., 279 F. 2d 555 (2d Cir. 1960); Loomskill, Inc. v. Slifka, 330 F.2d 952 (2d Cir. 1964).

3. The inscription "Pee-Wees T.M." appears on the sole of the doll's right foot. We express no view on the questions of whether these unregistered symbols which appellant employed for the first time on the issuance of these dolls constitute a "mark" under § 19 or adequately identify appellant so as to qualify as a substitute for its corporate name. Compare, Dan Kasoff Inc. v. Novelty Jewelry Co., 309 F.2d 745 (2d Cir. 1962) with Dan Kasoff, Inc. v. Gresco Jewelry Co., 308 F.2d 806 (2d Cir. 1962), affirming 204 F.Supp. 694 (S.D. N.Y.). See, Doran v. Sunset House Distrib. Corp., 197 F.Supp. 940 (S.D. Cal.1961), aff'd 304 F.2d 251 (9th Cir. 1962). Likewise, no decision is made on whether the abbreviation "U. D. Co. Inc." alone adequately identifies appellant. See, Scarves By Vera Inc. v. United Merchants & Mfgrs. Inc., 173 F.Supp. 625 (S.D. N.Y.1959) ("Vera" was sufficient for "Scarves By Vera, Inc." where "Vera" was also a trade name). But see, E. I. Hortman & Aetna Doll Co. v. Kaufman, 286 F. 372 (2d Cir. 1922), cert. denied 261 U.S. 615, 43 S.Ct. 361, 67 L.Ed. 828 (1923) (initials of proprietor on bust alone held insufficient). See generally, Nimmer §§ 86.2, 86.3.

that in accordance with the tradition of construing the notice requirements liberally, courts have protected copyrights when the notice appears on one of two or more separate or detachable parts of a single item. For example, in Boucher v. DuBoyes, 253 F.2d 948 (2d Cir.) cert. denied 357 U.S. 936, 78 S.Ct. 1384, 2 L.Ed.2d 1550 (1958), the copyright was held valid even though the notice appeared on only one of two earrings which might have been worn separately as a dress ornament or clip. And in Royalty Designs, Inc. v. Thrifti Check Serv. Corp., 204 F.Supp. 702 (S.D.N.Y.1962) a copyright was upheld when the notice appeared only on the removable plug of a toy bank. See also, Coventry Ware, Inc. v. Reliance Picture Frame Co., 288 F.2d 193 (2d Cir.), cert. denied 368 U.S. 818, 82 S.Ct. 34, 7 L.Ed.2d 24 (1961) (gummed label on back of wall plaque, although detachable, held sufficient), Doran v. Sunset House Distrib. Corp., 197 F.Supp. 940 (S.D.Cal.1961), aff'd 304 F.2d 251 (9th Cir. 1962) (notice adequate even though affixed to the hood of a Santa Claus but not to the body or tunic), Scarves By Vera, Inc. v. United Merchants and Mfgrs. Inc., 173 F.Supp. 625 (S.D.N.Y.1959) (one copyright notice sufficient to protect blouse with two different designs). Decidedly distinguishable is the situation where the inscription appears only on a simple wrapper or container. See, 37 C.F.R. § 202.2 (b) (10). See also, Ross Prods. Inc. v. New York Merchandise Co., 233 F.Supp. 260 (S.D.N.Y.1964), Nimmer § 87.7. Different likewise are cases in which the only copyright notice was on a detachable tag. See, e. g., Trifari, Krussman & Fishel, Inc. v. B. Steinberg-Kaslo Co., 144 F.Supp. 577 (S.D.N.Y.1956). See also, 37 C.F.R. § 202.2(b) (9).

Finally, "Even if, as defendants urge, the copyright notice might not be sufficient for some purposes * * * the defendants, as willful infringers wholly aware of the existence of the copyright, are in no position to assert the insufficiency of the notice." Dan Kasoff, Inc. v. Novelty Jewelry Co.,

309 F.2d 745 (2d Cir. 1962). We remain "unwilling to allow a barefaced infringer to invoke an innocent deviation from the letter that could not in the slightest degree have prejudiced him or the public." National Comics Pubs. v. Fawcett Pubs., 191 F.2d 594, 603 (2d Cir. 1951).

Reversed and remanded with instructions that on plaintiff's posting bond in the amount of $30,000 the preliminary injunction prayed should issue.

Mandate to issue forthwith.