RONALD LITOFF, LTD., Columbia Originals, Inc., Columbia Jewelry Contractors, Inc. and Obadiah Fisher, Plaintiffs,

v.

AMERICAN EXPRESS COMPANY, American Express Travel Related Services Co., Inc., A. Kush & Associates Limited and Weingeroff Enterprises, Inc., Defendants.

AMERICAN EXPRESS COMPANY and American Express Travel Related Services Company, Inc., Third-Party Plaintiffs, Cross-Claimants and Counterclaimants,

v.

A. KUSH & ASSOCIATES LIMITED, Cross-Claim Defendants,

and

Columbia Originals, Inc., Columbia Jewelry Contractors, Inc. and Susan Klein and Obie Fisher (d/b/a Susan Obie), Counterclaim Defendants,

and

James Benedetto (a/k/a Jim Bennett), Raymond Litoff (a/k/a Ronald Litoff), Ronald Litoff, Ltd., Richard Klein and Weingeroff Enterprises, Inc., Third-Party Defendants.

No. 83 Civ. 9432 (LFM).

United States District Court, S.D. New York.

Nov. 5, 1985.

Christy & Viener by Wayne C. Matus and James G. White, New York City, for American Express Co. and American Express Travel Related Services Co., Inc.

Brainerd & Bridges by Andrew W. Brainerd and Scott A. Brainerd, Chicago, Ill., and Ostrolenk, Faber, Gerb & Soffen by Edward Meilman, New York City, for A. Kush & Associates, Ltd. and Susan Klein.

Joel S. Kaplan, Garden City, N.Y., and Scully, Scott, Murphy & Presser, P.C. by Anthony C. Scott, Garden City, N.Y., for Ronald Litoff, Ltd., Columbia Originals, Inc., Columbia Jewelry Contractors, Inc., James Benedetto, Raymond Litoff and Richard Klein.

Cheryl Flax-Davidson, Brooklyn, N.Y., for Obadiah Fisher.

MacMAHON, District Judge.

Defendants American Express Company, American Express Travel Related Services Company, Inc. (collectively referred to as "American Express"), and A. Kush & Associates, Ltd. ("Kush") move to dismiss this action pursuant to Fed.R.Civ.P. 12(b)(6), or, alternatively, for summary judgment pursuant to Fed.R.Civ.P. 56(b). Defendant Kush also moves for disqualification of the attorneys for plaintiffs Ronald Litoff, Ltd. ("Litoff"), Columbia Originals, Inc. ("Columbia Originals"), and Columbia Jewelry Contractors, Inc. ("Columbia Jewelry").

### Background

Plaintiffs, jewelry manufacturers and designers, brought this suit pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.*, and the Lanham Act, 15 U.S.C. §§ 1051 *et seq.* (1946), alleging copyright infringement, false representation and de-

scription, and related claims. Plaintiffs also allege numerous pendant state claims. The following facts are not in dispute.

In 1981, plaintiffs Litoff and Columbia Jewelry formed a joint venture, Columbia Originals. Columbia Originals proposed to American Express that it sell Columbia Originals' jewelry through the mail to American Express cardholders. American Express directed Columbia Originals to defendant Kush, a company which organizes mail-order sales and with which American Express had previously done business.

Kush bought two kinds of jewelry from Columbia Originals for a test mailing to American Express cardholders: pendants representing the signs of the zodiac ("zodiac pendants"); and pendants in the form of letters of the alphabet ("initial pendants"). A test mailing of the zodiac pendants was conducted, and, on the basis of that mailing, American Express and Kush commenced a full-scale mailing of the zodiac pendants in October 1982.

The zodiac pendants had been designed by plaintiff Obadiah Fisher ("Fisher") and counterclaim defendant Susan Klein ("Klein") under a partnership doing business as Susan Obie. The Copyright Office issued a Certificate of Registration for the zodiac pendants in August 1980. Columbia Originals sold the zodiac pendants to Kush pursuant to a license agreement with Susan Obie.

A test mailing for the initial pendants was also conducted, and, on the basis of that test, American Express and Kush concluded that the initial pendants made by Columbia Originals were too expensive.

In January 1983, Kush made an agreement with defendant Weingeroff Enterprises, Inc. ("Weingeroff"), a jewelry manufacturer, to produce a less expensive set of initial pendants. Those pendants were sold to American Express cardholders through a mailing beginning in May 1983. The brochure used to advertise the pendants made by Weingeroff was the same one used for the Columbia pendants.

In September 1983, Litoff obtained copyrights for its initial pendants. In October 1983, the Copyright Office wrote to Litoff's attorney stating that it had "considerable doubt that there is any copyrightable authorship in the three-dimensional rendering [of the letters of the alphabet, but] ... we have made the registration under the rule of doubt, for whatever the registrations may be worth." In October 1984, the Copyright Office wrote to inform plaintiffs that an error had been made on the original copyright registrations. Those registrations had incorrectly indicated the nature of authorship as two-dimensional renderings; the basis of the registration was the three-dimensional renderings of the letters.

Columbia Originals and Weingeroff have each submitted a set of their initial pendants to the court.

*American Express' Motion for Summary Judgment on the Claims Involving the Zodiac Pendants*

American Express argues that it is entitled to summary judgment on the claims pertaining to the zodiac pendants because there are no factual issues in dispute; most important, there is no dispute that all of the zodiac pendants sold by American Express had been bought from Columbia Originals by Kush.

Plaintiffs Litoff, Columbia Jewelry and Columbia Originals concede that all the zodiac pendants had been bought from them but claim that Kush attempted to have the pendants copied and that American Express, after returning the unsold zodiac pendants, advertised the pendants and planned to fill orders for the pendants with less expensive copies.

Plaintiff Fisher denies that all of the zodiac pendants had been bought from Columbia Originals. Fisher also argues that there was an unauthorized promotion of the zodiac pendants.

Plaintiffs have offered only an affidavit of James Benedetto ("Benedetto"), third-party defendant and president of Columbia Jewelry and Columbia Originals, in support of these allegations. Benedetto asserts that in June 1983 Klein told him that her

mother had just received an advertisement from American Express for the zodiac pendants. Benedetto states that the advertisement was forwarded to him. He further states that he believes that Kush attempted to have the zodiac pendants copied but was unable to do so.

■ Such conclusory allegations are insufficient to raise a genuine issue of fact. A litigant opposing summary judgment must give some affirmative indication that his version of the facts is not fanciful.[1] A party may not rely on hearsay.[2] The only evidence submitted here is hearsay and speculation. Plaintiffs have presented no admissible evidence of any infringement or even attempted infringement with respect to the zodiac pendants.

*Defendants' Motions to Dismiss and for Summary Judgment on the Claims Involving the Initial Pendants*

Defendants move for summary judgment on the claims pertaining to the initial pendants on the ground that the notices of copyright on plaintiffs' pendants were defective for the following reasons: (1) the sample pendants submitted to American Express for testing did not contain any copyright notice; (2) the notice on the pendants submitted for the test mailing consisted of a "c" that was not encircled; (3) the notice on the pendants, if any, was too small; and (4) plaintiff Litoff is not generally known by the initials "RL."

Both sides have submitted some evidence to support their claims, and we find that defendants have failed to show that there are no genuine issues of fact in dispute. Further, we hold that, at least on the samples submitted to the court, the copyright notice, although small and somewhat difficult to read, is sufficient to satisfy the statutory requirements.[3]

As an additional ground for summary judgment, defendant Kush claims that the initial pendants are not copyrightable. Alternatively, it argues that defendants did not infringe the copyrights because the pendants sold by defendants are different from those made by plaintiffs, and laches prevents plaintiffs from enforcing their copyrights against defendants.

■ There is no doubt that artistic jewelry is copyrightable.[4] Certificates of copyright registration are "prima facie evidence of the validity of the copyright and the facts stated in the certificate."[5] Certificates do not create an irrebuttable presumption of validity, however, and a party may present evidence that the items are not copyrightable.[6]

■ Here, plaintiffs have presented prima facie evidence of copyrightability, and we hold that defendants are not entitled to summary judgment on that ground. To the extent that the pendants may not be copyrightable because they are not original, as defendants argue, genuine issues of fact exist.

■ Further, there is certainly substantial similarity between the pendants of the parties, and there is no doubt that defendants had access to plaintiffs' jewelry. Thus, defendants are not entitled to summary judgment on the grounds that the copyrights have not been infringed.[7] Likewise, numerous issues of fact exist as to the applicability of the defense of laches.

American Express also claims that the third count of the amended complaint, for

---

**1.** *Quinn v. Syracuse Model Neighborhood Corp.,* 613 F.2d 438, 445 (2d Cir.1980).

**2.** Fed.R.Civ.P. 56(e); *Union Ins. Soc. v. William Gluckin & Co.,* 353 F.2d 946, 952 (2d Cir.1965).

**3.** *See Ted Arnold Ltd. v. Silvercraft Co.,* 259 F.Supp. 733, 734 (S.D.N.Y.1966).

**4.** 37 C.F.R. § 202.10(a); *Cynthia Designs, Inc. v. Robert Zentall Inc.,* 416 F.Supp. 510 (S.D.N.Y. 1976).

**5.** 17 U.S.C. § 410(c).

**6.** *Durham Industries Inc. v. Tomy Corp.,* 630 F.2d 905, 908 (2d Cir.1980).

**7.** *See Durham Industries Inc. v. Tomy Corp., supra,* 630 F.2d at 911.

copyright infringement, should be dismissed because the Copyright Office withdrew its registrations for two-dimensional renderings of the letters, and the claim is based on the alleged use of photographs of the initial pendants. Plaintiffs argue that, in spite of the absence of a copyright for two-dimensional renderings, the three-dimensional copyright precludes American Express from using photographs of plaintiffs' pendants. Because the parties have submitted and the court has considered matters outside the pleadings, the court will treat this motion as a motion for summary judgment.[8]

■ American Express' claim is without merit. Use of a photograph of a copyrighted item can constitute copyright infringement even though a photograph is undoubtedly two dimensional and the copyrighted item has three dimensions.[9]

American Express argues that the fifth count of the amended complaint should be dismissed because plaintiffs cannot show that the pendants have acquired secondary meaning, an essential fact of a claim for false designation of origin under Section 43(a) of the Lanham Act. Plaintiffs respond that they are not alleging false designation of origin, but rather asserting claims that do not require a showing of secondary meaning, namely, claims for false representation and description. Here, too, the parties have submitted and the court has considered matters outside the pleadings, and, thus, the court will treat this motion as one for summary judgment.[10] As to these claims, material issues of fact exist. For example, there is a dispute whether the diamond on the pendants sold by defendants was the same size as advertised.

Defendant Kush also contends that numerous counts of the amended complaint fail to state causes of action and, therefore, should be dismissed pursuant to Fed.R. Civ.P. 12(b)(6). Under the liberal notice pleading requirements of the Federal Rules of Civil Procedure, the pleadings here are sufficient, though hopefully will never serve as models.

*Defendants' Motions to Dismiss the Pendant State Claims Pursuant to Section 301 of the Copyright Act*

Defendants argue that all of plaintiffs' pendant state claims, counts six through sixteen of the amended complaint, should be dismissed because those claims are preempted by the Copyright Act.[11]

■ Section 301 sets forth a two-pronged test to determine whether a state claim is preempted under the Copyright Act. First, the work at issue must be within the subject matter of copyright. Second, the rights granted by the state law must be equivalent to the rights protected by the Copyright Act.[12] When the rights defined by the state law would be infringed by an act which, in and of itself, would infringe one of the rights protected by the Copyright Act, the state law is preempted. There is no preemption when violation of the state law requires acts other than those protected by copyright.[13] Defendants do not dispute that the first prong is satisfied in this case. Rather, defendants contend that all of the pendant state claims are equivalent to copyright infringement claims.

Count six of the amended complaint is entitled "Unfair Competition/Passing Off." Although some claims for unfair competi-

---

**8.** Fed.R.Civ.P. 12(b)(6).

**9.** *See Tennessee Fabricating Co. v. Moultrie Mfg. Co.,* 421 F.2d 279 (5th Cir.), *cert. denied,* 398 U.S. 928, 90 S.Ct. 1819, 26 L.Ed.2d 91 (1970); 2 Nimmer § 8.01(b).

**10.** Fed.R.Civ.P. 12(b)(6).

**11.** 17 U.S.C. § 301. Counts seven, nine and thirteen pertain to the zodiac pendants. In view

of our ruling on the summary judgment motion, they are not discussed here.

**12.** 17 U.S.C. § 301.

**13.** *Harper & Row Publishers, Inc. v. Nation Enterprises,* 723 F.2d 195, 200 (2d Cir.1983), *rev'd on other grounds,* — U.S. ——, 105 S.Ct. 2218, 85 L.Ed.2d 588 (1985).

tion are preempted,[14] the "passing off" variety asserts claims qualitatively different from those protected by copyright.[15]

■ Counts eight and ten of the amended complaint allege unfair competition and unjust enrichment, respectively. As noted, most claims for unfair competition are preempted.[16] Although, as part of count eight, plaintiffs allege a wrong not protected by copyright, namely, a breach of a confidential relationship, that claim is cognizable and alleged in plaintiffs' claim for misappropriation, count fourteen. Absent that element, plaintiffs' claim is equivalent to a copyright claim and thus preempted. Likewise, plaintiffs' claim for unjust enrichment seeks redress for the alleged use of photographs of and imitation of plaintiffs' pendants. Those claims are the same rights of reproduction, distribution and display which plaintiffs seek to protect in their copyright claim.[17]

■ Count eleven of the amended complaint is for breach of contract. That claim is qualitatively different from a copyright claim and therefore not preempted by Section 301.[18]

■ Count twelve of the amended complaint alleges that defendants' retention and use of the pendants constituted a tortious conversion of plaintiffs' intellectual and personal property. Insofar as plaintiffs allege a tort involving personal, tangible property, their claim is not preempted.[19] Insofar as plaintiffs allege a claim involving intellectual property, assuming such a claim for conversion exists, their claim is equivalent to a copyright claim and is preempted.

■ As noted plaintiffs also assert a claim for misappropriation, count fourteen of the amended complaint. That New York tort has been held to include a breach of fiduciary duty, an element plaintiffs have alleged. That element is different from and additional to those protected by copyright, and, thus, Section 301 does not preempt this claim.[20] So, too, plaintiffs' claim for false advertising under the General Business Law of New York, count fifteen of the amended complaint, is qualitatively different from copyright claims.

■ Plaintiffs' final claim alleges a violation of Article 12E of N.Y. General Business Law (McKinney 1983). That statute has been repealed and replaced by Article 14 of N.Y. Arts and Cultural Affairs Law (McKinney 1984). That article provides, as did Article 12E, that the right of reproduction of a work of art which is sold or transferred remains with the grantor unless it passes into the public domain, or it is expressly transferred in writing. Arts and Cultural Affairs Law § 14.03. Plaintiffs' claims under this statute, that defendants made unauthorized and unlawful copies of plaintiffs' pendants, are the same as those under the Copyright Act. Thus, notwithstanding the last subsection of § 14.03, which provides that Article 14 shall not be construed to conflict with federal copyright law, plaintiffs' final count is preempted by the Copyright Act.

### Motion to Disqualify Attorneys for Plaintiffs Litoff, Columbia Jewelry and Columbia Originals

Defendant Kush moves to disqualify Joel Kaplan, Esq. and Scully, Scott, Murphy & Presser, P.C. from representing plaintiffs Litoff, Columbia Jewelry and Columbia Originals on the grounds that those attorneys represented Klein, formerly a plaintiff and now a third-party defendant, and that

---

14. *Oboler v. Goldin*, 714 F.2d 211, 213 (2d Cir. 1983).

15. *Warner Bros. v. American Broadcasting Cos.*, 720 F.2d 231, 247 (2d Cir.1983); 1 Nimmer § 1.01(B)(1) n. 47.

16. *Oboler v. Goldin, supra*, 714 F.2d at 213.

17. *See* 1 Nimmer § 1.01(B)(1) pp. 1–20, 1–21.

18. 1 Nimmer § 1.01(B)(1) pp. 1–13.

19. *Harper & Row Publishers, Inc. v. Nation Enterprises, supra*, 723 F.2d at 201.

20. 1 Nimmer § 1.01(B)(1) n. 75.1; *Werlin v. Reader's Digest Ass'n, Inc.*, 528 F.Supp. 451, 464 (S.D.N.Y.1981).

they learned confidential information from her. Plaintiffs cross-move to strike defendant Kush's motion or sever and continue the motion for further discovery. Plaintiffs argue that Judge Griesa, to whom this case was previously assigned, twice denied this same motion, and that Kush's attorney has unclean hands since he presently represents Klein and met with her, without her attorney, at a time when she was represented by counsel.

We see no reason to depart from Judge Griesa's rulings.[21] Kush's voluminous arguments notwithstanding, no new evidence has been presented warranting disqualification of plaintiffs' attorneys.

Accordingly:

1. We grant the motion of defendants American Express Company and American Express Travel Related Services Company, Inc. for partial summary judgment in their favor on the claims of plaintiffs Ronald Litoff, Ltd., Columbia Originals, Inc. and Columbia Jewelry Contractors, Inc. involving the zodiac pendants (Claims 1, 4, 7, 9 and 13 of the amended complaint), and we award costs to these defendants for this motion.

2. We grant partial summary judgment, *sua sponte,* in favor of defendants A. Kush & Associates, Ltd. and Weingeroff Enterprises, Inc. on the claims of plaintiffs Ronald Litoff, Ltd., Columbia Originals, Inc. and Columbia Jewelry Contractors, Inc. involving the zodiac pendants.

3. We grant summary judgment, *sua sponte,* in favor of all defendants against plaintiff Obadiah Fisher, whose only claims involve the zodiac pendants.

4. We grant defendants' motions to dismiss pendant state claims 8, 10 and 16 of the amended complaint of plaintiffs Ronald Litoff, Ltd., Columbia Originals, Inc. and Columbia Jewelry Contractors, Inc. because those claims are preempted by Section 301 of the Copyright Act.

5. We deny defendants' motions and plaintiffs' cross-motion in all other respects.

21. *See* 1B J. Moore, Federal Practice ¶ 0.404[4.– 2] (2d ed. 1984).

Settle judgment on notice within ten (10) days not inconsistent with this opinion.