**Michael TRACY, Plaintiff,**

v.

**SKATE KEY, INC., a/k/a Skate Key Roller Rink Corp., Steven Letizia and Carmus Letizia, Defendants.**

No. 86 Civ. 3439 (MBM).

United States District Court, S.D. New York.

Oct. 17, 1988.

Eric V. Flam (Carol G. Morokoff, on the brief), Selvern & Flam, New York City, for plaintiff.

Alan J. Silverman, Eastchester, N.Y., for defendants.

## OPINION AND ORDER

MUKASEY, District Judge.

The plaintiff, Michael Tracy, brings this action under the Copyright Act, 17 U.S.C. § 101 *et seq.* and the Lanham Act, 15 U.S. C. § 1114, contending that the defendants, Skate Key, Inc., Steven Letizia and Carmus Letizia, have infringed his copyright in a logo he designed for them under contract. Defendants now move for summary judgment for the second time.

This matter was the subject of a an earlier memorandum and order by Judge Leval, familiarity with which is assumed. Briefly, plaintiff, a graphic artist specializing in "graffiti" art, was engaged by defendants to paint a mural for their roller skating rink in the Bronx. Before painting the mural, plaintiff submitted various drawings indicating different designs for the mural. Plaintiff completed the mural on or about October 23, 1980. Plaintiff contends defendants infringed his copyrighted work by manufacturing and selling his designs as a logo on merchandise marketed by Skate Key, including T-shirts, skate bags, flyers and jackets. Tracy received a certificate of copyright from the Register of Copyright on July 29, 1985 for his design containing a person skating, but was denied a copyright for the logo containing the words "Skate Key." He instituted this lawsuit on April 22, 1986, claiming violations of the Copyright Act and the Lanham Act, as well as the New York General Business Law § 368–d, the Artists Authorship Rights Law, Article 14 of N.Y. Arts and Cultural Affairs Law, and common law fraud.

Defendants moved for summary judgment before Judge Leval. In a memorandum and order dated January 5, 1988, he

denied summary judgment on the copyright claim, holding that, although statutory damages were foreclosed by plaintiff's failure to register a copyright for his design within three months of first publication, plaintiff was eligible for actual damages and profits under 17 U.S.C. § 504(a) & (b).

In this motion for summary judgment, defendants press three contentions: (1) plaintiff cannot prove actual damage from any copyright infringement; (2) the Lanham Act and state law claims are preempted by the Copyright Act of 1976; and (3) the Lanham Act claim must be dismissed because plaintiff has failed to show any effect on goods in interstate commerce. For the reasons indicated below, the motion for summary judgment is granted for defendants solely on plaintiff's claim under N.Y. Arts & Cultural Affairs Law §§ 14.-01-.03. Otherwise, the motion is denied.

[1] As to defendants' assertion that plaintiff cannot prove actual damages from the copyright infringement, plaintiff, in his deposition, in fact failed to point to any damage:

Q. What other damages did you suffer?
A. I had to look at my work in the streets and know I got nothing for it. At the same time, they were still using my advertising, shirts, bags....

Actual damages, however, encompass both actual damages suffered by plaintiff *and* infringer's profits. 17 U.S.C. § 504(a) and (b). The Copyright Act provides that, in the award of defendants' profits to a prevailing plaintiff, the plaintiff need only prove the defendants' gross revenues, whereupon the defendants must prove the amount of his deductible expenses and the elements of profit attributable to factors other than the copyrighted work.[1]  3 M.

Nimmer, *Nimmer on Copyright*, 14.03[B] at 14-23 (1988). Thus, although plaintiff may not be able to prove actual damage to his work, he may still obtain infringer's profits.

■ Although plaintiff must still prove his case at trial, he has presented sufficient factual disputes regarding defendants' copying of the design and the similarity between plaintiff's design and defendants' to survive summary judgment on the copyright claim.

Defendants next argue that the Lanham Act claim and all the state law claims are preempted by the Copyright Act. Congress in the Copyright Act of 1976 explicitly intended to preempt all state law rights equivalent to the exclusive rights recognized by the statute. Under 17 U.S.C. § 301, "all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright" are governed exclusively by federal copyright law. Thus, defendants' motion turns on whether the additional rights plaintiff asserts are equivalent to any of the exclusive rights specified by the Copyright Act of 1976.

■ Defendants' argument that the Lanham Act claim is preempted is without merit. Section 301(d) of Title 17 states: "Nothing in this title annuls or limits any right or remedies under any other Federal statute." Thus, the Copyright Act, by its terms, does not preempt plaintiff's Lanham Act claims. *D.C. Comics, Inc. v. Filmation Assoc.*, 486 F.Supp. 1273, 1277 (S.D.N.Y.1980).

■ Plaintiff's cause of action for the dilution of his trade-name and mark in violation of New York General Business Law, art. 24, section 368–d is also not preempted.

---

1. Indeed, defendants have apparently failed to note that the Copyright Act places other burdens which they will have to bear in order to prevail at trial. Plaintiff must, of course, prove that he owned the design and that defendants copied it. Nevertheless, if, as I understand them, defendants are claiming that the mural or the prototypes did not have copyright notices on them, they have the burden of proving that they were misled by the omission of notice. 17 U.S.C. § 405(b). Moreover, § 410(c) of the Act provides that a certification of registration obtained within five years after first publication of the work shall constitute prima facie evidence of the copyright's validity. Here, first publication arguably occurred when the mural was completed on October 23, 1980. The copyright was registered on July 29, 1985, within the five-year period. In such a case, the defendants will have at least some burden to overcome this presumption of originality or to show that the registration certificate has been fraudulently obtained. *See Eckes v. Card Prices Update*, 736 F.2d 859 (2d Cir.1984).

The Second Circuit has held that a cause of action under this law for trademark dilution or passing off is not preempted by the Copyright Act. *See Warner Bros. v. American Broadcasting Cos.*, 720 F.2d 231, 247 (2d Cir.1983). *See also Ronald Litoff, Ltd. v. American Express Co.*, 621 F.Supp. 981, 985–86 & n. 14 (S.D.N.Y.1985) (Although some claims for unfair competition are preempted, the "passing off" variety asserts claims qualitatively different from those protected by copyright). Defendants are correct that *Orth–O–Vision v. Home Box Office*, 474 F.Supp. 672, 684 n. 12 (S.D.N.Y.1979) held that *"reverse* passing off" claims, like the case at hand, are preempted. Reverse passing off involves a situation where the defendant removes plaintiff's name and passes the goods off as his own. Contrary to *Orth–O–Vision*'s view, however, both passing off and reverse passing off claims involve the same additional element, misrepresentation or deception, that makes it "not equivalent to any of the exclusive rights" of copyright law recognized in the statute. 1 *Nimmer* § 1.01[B][1] n. 47 at 1–14—1–14.1. Thus, plaintiff's cause of action is not preempted.

■ Similarly, plaintiff's claim for fraud contains an element of misrepresentation that is irrelevant to the cause of action for copyright infringement. Consequently, this cause of action is also not preempted by the Copyright Act. *See Allied Artists Pictures Corp. v. Rhodes*, 496 F.Supp. 408, 444 (S.D.Ohio 1980), *aff'd in pertinent part*, 679 F.2d 656 (6th Cir.1982).

■ Defendants are on firm ground only when they contend that plaintiff's cause of action under the New York Artists Authorship Rights law, N.Y. Arts & Cultural Affairs Law §§ 14.01–.03, is preempted. In *Ronald Litoff,* 621 F.Supp. at 986, the court held that the New York Artists Authorship Rights law was preempted by the Copyright Act because it tracks the rights protected by the Copyright Act.

■ On the Lanham Act claim, defendants also assert that it is unavailable as a matter of law because plaintiff has failed to allege a fraudulent misrepresentation regarding goods or services in interstate commerce. At this stage of the proceedings, this assertion is implausible because Skate Key operates a large roller skating rink in the metropolitan area and undoubtedly sells its T-shirts to residents of other states.

■ A more pressing question is whether plaintiff has standing under the Lanham Act to press his claim. Not only is he not a competitor, but also there is substantial evidence he has not been harmed by use of the design logo. *Compare Colligan v. Activities Club of New York*, 442 F.2d 686 (2nd Cir.), *cert. denied*, 404 U.S. 1004, 92 S.Ct. 559, 30 L.Ed.2d 557 (1971) (consumers have no standing to allege Lanham Act violations) *with Smith v. Montoro*, 648 F.2d 602, 608 (9th Cir.1981) (movie actor whose name was replaced on list of credits for movie has standing); *see also* 1A Callmann, *Unfair Competition, Trademarks and Monopolies*, § 5.04 at 23 (4th Ed. and 1988 supp.); *Murray v. National Broadcasting Co., Inc.*, 844 F.2d 988, 995 (2nd Cir.1988). Nevertheless, because this issue also turns on whether plaintiff has suffered any damage or rather is able merely to show a fear of damage, *Prince Dog & Cat Food Co. v. Central Nebraska Packing Co.*, 305 F.2d 904, 907 (C.C.P.A.1962), summary judgment at this stage would be improper.

To summarize, plaintiff's claim based on the New York Artists Authorship Rights law is dismissed. In all other respects, the motion for summary judgment is denied.

SO ORDERED.